# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LOUIS GIULIANO and
GTWO, LLC
Plaintiffs

v.

STANLEY E. FULTON,
MY WAY HOLDINGS, LLC, and
ANCHOR PARTNERS, LLC,
Defendants

CIVIL ACTION
NO. 03-11293-REK

Memorandum and Order
December 23, 2003

**I. Pending Matters**

Pending before this court are matters related to the following filings:

(1) Defendant Stanley E. Fulton, My Way Holdings, LLC and Anchor Partners, LLC's Motion To Dismiss (Docket No. 7, filed September 11, 2003), with Defendant Stanley E. Fulton, My Way Holdings, LLC and Anchor Partners, LLC's Memorandum in Support of Motion To Dismiss (Docket No. 8, filed September 11, 2003);

(2) Plaintiff's Opposition to Defendants' Motion To Dismiss (Docket No. 14, filed October 10, 2003);

(3) Plaintiff's Motion for Leave To Amend Their Complaint (Docket No. 15, filed October 10, 2003), with Plaintiffs' Memorandum in Support of Motion for Leave To Amend Their

Complaint (Docket No. 16, filed October 10, 2003), with Amended Complaint (Docket No. 17, filed October 10, 2003);

(4) Defendants' Opposition to Plaintiffs' Motion for Leave To Amend Their Complaint, or, in the Alternative, To Dismiss the Amended Complaint for Failing To State a Claim (Docket No. 20, filed October 24, 2003).

## II. Relevant Procedural Background

On July 10, 2003, plaintiffs filed a complaint in this court alleging four counts of violation of the Racketeering and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968 (2000). On September 11, 2003, defendants each filed an Answer and Jury Demand (Docket Nos. 4-6).

Also on September 11, 2003, defendants filed a joint motion to dismiss (Docket No. 7). Plaintiffs have moved this court for leave to amend their complaint (Docket No. 15) and opposed defendants' motion to dismiss on the basis of the proposed Amended Complaint (Docket No. 14). Defendants have responded to plaintiffs' filings (Docket No. 20, filed October 24, 2003), both opposing the plaintiffs' motion for leave to amend and moving, in the alternative, for a dismissal of plaintiffs' Amended Complaint.

At a hearing on November 7, 2003, this court received oral argument regarding all pending motions in this case.

## III. Defendants' Motion To Dismiss and Plaintiffs' Motion for Leave To Amend

Defendants have filed a motion to dismiss plaintiffs' complaint, to which plaintiffs have responded. Plaintiffs do not defend their original complaint, but rather make two other arguments. First, plaintiffs argue the following in a footnote:

> Each Defendant simultaneous [sic] filed an Answer and Jury Demand raising the affirmative defense that the Plaintiffs' Complaint failed to state a cause of action upon which relief can be granted. Rule 12(b) requires that, if this defense (among others) is to be made by motion, the motion <u>must</u> be made <u>before</u> a responsive pleading. Thus, the Defendants' motion to dismiss under Rule 12(b)(6) is not made in accordance with the rule. On that basis alone, it should be denied.

(Pls.' Opp. to Defs.' Mot. To Dismiss, Docket No. 14, at 1 n.1.)

But plaintiffs fail to recognize relevant precedent interpreting Rule 12(b). According to a leading treatise on federal civil procedure:

> [S]hould defendant file a Rule 12(b) motion simultaneously with his answer, the court will view the motion as having preceded the answer and thus as having been interposed in timely fashion.
>
> [Moreover, a] strict interpretation of the timing provision's language leads to the conclusion that the court must deny any motion made after a responsive pleading as being too late. However, courts have allowed untimely motions if the defense has been previously included in the answer.

Charles A. Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1361, at 445-46 (2d ed. 1990). The Court of Appeals for the Second Circuit has stated,

> [The] contention, that . . . by filing an answer [a responsive pleader] waive[s] [the] right to move to dismiss the complaint . . . , must be dismissed out of hand as frivolous. Although Fed. R. Civ. P. 12(b) encourages the responsive pleader to file a motion to dismiss before pleading, nothing in the rule prohibits the filing of a motion to dismiss with an answer . . . . A plaintiff is not prejudiced by the filing of such [a] motion[] simultaneously with an answer.

Breary v. West Publ'g Co., 763 F.2d 66, 68 (2d Cir. 1985).

Second, plaintiffs oppose defendants' motion on the basis of a proposed amended complaint. Plaintiffs state:

> Together with the opposition [to defendants' motion to dismiss], the Plaintiffs have filed a Motion For Leave To Amend Their Complaint and their proposed Amended Complaint is attached to the motion. Considering the amplification of the Plaintiff's claims contained in the proposed Amended Complaint, it is clear that each of the Defendants' three points of critique, raised in their motion to dismiss, is without merit.

(Pls.' Opp. To Def.'s Mot. To Dismiss, Docket No. 14, at 1-2.)

A party may amend a pleading after a responsive pleading is served "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has held:

> In the Absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – that leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962).

Defendants respond to plaintiffs' opposition (and proposed amended complaint) by arguing that this court should not grant plaintiffs' request to amend the complaint. Defendants contend that the original complaint fails to state a claim and that plaintiffs' proposed amendments do not remedy the failure. Accordingly, they suggest that the original complaint be dismissed and plaintiffs' proposed amendments be denied as futile. In the alternative, defendants argue that this court should allow

plaintiffs' amendments and dismiss plaintiffs' amended complaint.

I am persuaded to allow plaintiffs' amendments to the original complaint. Allowing plaintiffs' amendments results in a more expeditious resolution of the pending motions. The proposition that the amendments are futile implies that the original complaint fails to state a claim, and that the proposed amended complaint still fails to state a claim. Thus, denying plaintiffs' amendment as futile requires consideration of both the original complaint and the proposed amended complaint. If I allow plaintiffs' amendments, however, I need only consider whether the amended complaint states a claim.

Furthermore, no prejudice to defendants would result from allowing plaintiffs' amendments. Defendants prefer that the original complaint be dismissed and that plaintiffs' amendments be dismissed as futile. If plaintiffs' amendments are in fact futile, however, I can reach the same result defendants seek – dismissal of the suit – simply by dismissing the amended complaint.

Accordingly, plaintiffs' Motion for Leave To Amend Their Complaint (Docket No. 15) is allowed. In the Order below, I deny defendants' original Motion To Dismiss (Docket No. 7) as moot.

## IV. Defendants' Motion To Dismiss the Amended Complaint

### A. Introduction

#### 1. Parties' Contentions

Defendants have moved under Rule 12(b)(6) to dismiss plaintiffs' amended complaint for failure to state a claim.

In defendants' motion to dismiss plaintiffs' original complaint, defendants asserted three

bases for dismissing some or all of plaintiffs' claims. (1) All of plaintiffs' claims should be dismissed for failure to set out a pattern of racketeering actions. (2) Because plaintiffs do not allege with requisite specificity that defendants have committed predicate acts, counts I and II of plaintiffs' complaint should be dismissed. (3) Because plaintiffs do not allege a cognizable conspiracy, counts III and IV of plaintiffs' complaint should be dismissed. Plaintiffs moved to amend the complaint, which I have allowed above, and argue that the amended complaint resolves each of these three deficiencies.

Defendants contend that plaintiffs' amended complaint fails to state a claim. In particular, defendants reassert the three grounds for dismissal that they made in the motion to dismiss the original complaint, arguing that plaintiffs' amendments fail to respond sufficiently to the three grounds.

**2. Legal Standard**

A court cannot properly dismiss for failure to state a claim unless "it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." Berezin v. Regency Savings Bank, 234 F.3d 68, 70 (1st Cir. 2000) (quoting Carrea-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990)) (internal quotation marks omitted). When ruling on a Rule 12(b)(6) motion, the court must accept all well-pleaded factual allegations of plaintiffs' complaint as true and must give plaintiffs the benefit of all reasonable inferences. LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998).

**B. Plaintiffs Fail To Allege a Pattern of Racketeering Activity**

**1. Introduction**

Plaintiffs allege in four counts in their amended complaint violations of 18 U.S.C. §§ 1962(b)-(c) and two violations of 18 U.S.C. § 1962(d) of the Racketeer Influenced and Corrupt Organizations Act (RICO).

Sections 1962(b) and (c) make unlawful certain conduct "through a pattern of racketeering activity or collection of unlawful debt." Id. Accordingly, plaintiffs must allege either a "pattern of racketeering activity or collection of unlawful debt" to state a claim for Counts I and II in the amended complaint.

Counts III and IV, because they allege violations of § 1962(d), also require a showing of a "pattern of racketeering activity or collection of unlawful debt." See, e.g., Midwest Grinding Co., Inc. v. Spitz, 976 F.2d 1016, 1026 (7th Cir. 1992) ("[T]he § 1962(d) RICO conspiracy claim is also premised on the existence of a pattern of racketeering . . . ."); Religious Technology Ctr. v. Wollersheim, 971 F.2d 364, 367 n.8 (9th Cir. 1991) (finding that "the [§ 1962(d)] conspiracy cause of action cannot stand" because plaintiff "failed to allege the requisite substantive elements of RICO); Brubaker v. City of Richmond, 943 F.2d 1363, 1374 (4th Cir. 1991) ("[T]o state a claim for a violation of section 1962(c) (or, derivatively, of section 1962(d)), a plaintiff was required to allege a pattern of racketeering activity.").

Section 1962(d) prohibits conspiring to violate §§ 1962(a), (b), and (c), which means section 1962(d) prohibits conspiring to participate in a "pattern of racketeering activity or collection of unlawful debt." And to allege an agreement to participate in a "pattern of racketeering activity or collection of unlawful debt," plaintiffs must allege the pattern or collection. See, e.g., Buck Creek Coal,

Inc. v. United Workers of America, 917 F. Supp. 601, 614 (S.D. Ind. 1995) ("§ 1962(d) conspiracy is premised on the existence of a pattern of racketeering activity, which constitutes the overt act taken by a member of the conspiracy.").

Plaintiffs purport to allege a "pattern of racketeering activity." Defendants contend that, accepting all well-pleaded factual allegations of plaintiffs' amended complaint as true, plaintiffs have failed to allege facts sufficient to support a finding of "a pattern of racketeering activity."

**2. Relevant Precedents**

The leading Supreme Court case on the interpretation of "pattern of racketeering activity," H.J., Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229 (1989), has quoted Congress's meaning of "pattern" as "continuity plus relationship." According to the Court, a pattern therefore requires "racketeering predicates [that] are related, and that . . . amount to or pose a threat of continued criminal activity." Id. at 239.

The Court of Appeals for the First Circuit has noted that they have "more than once remarked upon the difficulty of articulating concrete guidelines for this 'continuity plus relationship' standard for identifying a pattern." Efron v. Embassy Suites (Puerto Rico), Inc., 223 F.3d 12 (1st Cir. 2000). More specifically, "the 'relationship' portion of the standard is easier to grasp, in part because there exists a relevant statutory definition," but "the continuity element, which lacks statutory illumination, has proved more puzzling." Id. at 15.

The Supreme Court and the First Circuit nevertheless have provided useful guidance regarding "continuity." Broadly, the continuity requirement reflects the fact that "Congress was

concerned in RICO with long-term criminal conduct." H.J., Inc., 492 U.S. at 242. In other words, I must ensure that the alleged criminal conduct rises to that intended to be covered by RICO. Plaintiffs attempt to use this broad principle to meet the continuity requirement, characterizing the alleged scheme in part as "attacks" on "important public concerns" and as a "significant societal threat." (Pls.' Opp. to Defs.' Mot. To Dismiss, Docket No. 14, at 2.)

Plaintiffs, however, fail to heed relevant precedent. The continuity requirement may not be met simply by alleging a "significant societal threat." Rather, the requirement must be met by satisfying one of two specific tests for continuity, which the First Circuit has described:

> For there to be continuity, the plaintiff must show that the related predicates "amounted to, or posed a threat of, continued criminal activity." . . . Under the "amount[ing] to" approach, "[a] party alleging a RICO violation may demonstrate continuity . . . by proving a series of related predicates extending over a substantial period of time." H.J., 492 U.S. at 242, 109 S. Ct. 2893. Because RICO was intended by Congress to apply only to enduring criminal conduct, "[p]redicate acts extending over a few weeks or months . . . do not satisfy this requirement." Id. Under the "threat" approach, however, even where the predicate acts occur in a narrow time frame and suit is brought before the pattern has taken definitive shape, the requirement can still be satisfied by . . . a showing that "the racketeering acts themselves include a specific threat of repetition extending indefinitely into the future [or] . . . are part of an ongoing entity's regular way of doing business." Id.

Efron, 223 F.3d at 15-16 (quoting Feinstein v. Resolution Trust Corp., 942 F.2d 34, 45 (1st Cir. 1991) (some citations omitted)).

The Supreme Court has described the above two "amount[ing] to" and "threat" approaches to continuity as "closed- and open-ended [continuity], referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of

repetition." H.J., Inc., 492 U.S. at 241.

Contrary to plaintiffs' assertions in paragraph 22 of the amended complaint, plaintiffs' allegations do not establish "open-ended" continuity, where the racketeering acts themselves include a specific threat of repetition extending indefinitely into the future or are part of an ongoing entity's regular way of doing business. An examination of the amended complaint reveals only one alleged scheme focused on the single goal of wresting control of a single property from plaintiffs. In fact, plaintiffs allege at the outset that "[t]he object of the Illegal Scheme was to take over certain valuable real estate in Plainville, Massachusetts (the "Property"), along with a licensed racetrack and its associated betting and potential future gaming operations located thereon." (Pls.' Amended Complaint, Docket No. 17, ¶ 1.) Later in the amended complaint, plaintiffs again allege that "[t]he overriding goal of the Illegal Scheme was to unite in the conspirators control of both the racing license and the Property where the racing operations and potential future gaming operations were conducted." (Id. ¶ 103.)

Accordingly, no danger of defendants continuing their alleged racketeering acts "indefinitely into the future" exists. Furthermore, plaintiffs allege that defendants sought one particular "Property" and the Property's associated assets. Nothing therefore exists to suggest that the defendants "seek to repeat their fraud in other, similar business settings" or that defendants will engage in racketeering acts in the racing operations or future gaming operations.

Plaintiffs' sole allegation of future conduct entails a "proposed fraudulent transfer" that "constitutes a continuing effort by the participants . . . in furtherance of the Illegal Scheme." (Id. ¶ 117.) Defendants provide a potentially persuasive argument that this court should not consider the alleged future conduct a predicate act in the scheme in question. But I need not decide the merits of this

assertion to conclude that this alleged future conduct does not create open-ended continuity; the alleged future conduct relates to furthering the Illegal Scheme, which I have already concluded is finite and definite in purpose.

Plaintiffs' allegations in the amended complaint thus must establish "closed-ended" continuity. The overall time frame of the alleged scheme may or may not fall within the Supreme Court's requirement for closed-ended continuity of more than "a few weeks or months." H.J., Inc., 492 U.S. at 242. Plaintiffs have pled an alleged scheme lasting more than a few weeks or months, specifically from June 25, 1999 to October 2003, a total of just over four years. The amended complaint, however, contains allegations of direct involvement in and knowledge of the alleged scheme by defendants in particular of a much shorter time span. Furthermore, as I explained above, defendants offer potentially persuasive arguments against the inclusion in the alleged scheme of the acts, or proposed acts, of October 2003.

But I need not decide the length in fact of the alleged scheme; even assuming the longest time frame, other factors militate against a determination of closed-ended continuity. As the First Circuit has stated,

> where the racketeering activity exceeds in duration the "few weeks or months" that the Supreme Court in H.J., Inc. deemed inadequate, but is neither so extensive in reach nor so far beyond the minimum time period that common sense compels a conclusion of continuity, the fact that [defendants have] been involved in only one scheme with a singular objective and a closed group of targeted victims also strikes [me] as "highly relevant."

Efron, 223 F.2d at 18 (citation omitted). First Circuit precedent and precedent from several other circuits "firmly rejects RICO liability where 'the alleged racketeering acts . . . , "taken

together, . . . comprise a single effort" to facilitate a single financial endeavor.'" Id. at 19 (citing cases). I conclude that plaintiffs have not shown closed-ended continuity.

As plaintiffs have shown neither open-ended nor closed-ended continuity, I rule that plaintiffs have failed to allege "a pattern of racketeering actions." Accordingly, I conclude that plaintiffs have failed to state a claim for any of the four counts in plaintiffs' amended complaint. The Order below allows defendants' motion to dismiss plaintiffs' amended complaint and orders final judgment dismissing this civil action with prejudice.

**C. Defendants' Remaining Contentions**

In light of the conclusions and rulings in Part II.B, I need not and do not decide defendants' remaining contentions regarding (1) the sufficiency with which plaintiffs have pled predicate acts by defendants and (2) the sufficiency with which plaintiffs have pled an intent by defendants to conspire.

**ORDER**

For the foregoing reasons, it is ORDERED:

(1) Plaintiffs' Motion for Leave To Amend Their Complaint (Docket No. 15) has been ALLOWED.

(2) Defendant Stanley E. Fulton, My Way Holdings, LLC and Anchor Partners, LLC's Motion To Dismiss (Docket No. 7) is DISMISSED as moot.

(3) Defendants' Opposition to Plaintiffs' Motion for Leave To Amend Their Complaint, or, in the Alternative, To Dismiss the Amended Complaint for Failing To State a Claim (Docket No. 20) is ALLOWED to the extent that it moves to dismiss the amended complaint.

(4) The clerk is directed to enter forthwith on a separate document a Final Judgment as follows:

This civil action No. 03-11293-REK is DISMISSED with prejudice. Costs are awarded to defendants.

                                        ____/s/ Robert E. Keeton_____

                                                  Robert E. Keeton
                                          Senior United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOUIS GIULIANO and GTWO, LLC, Plaintiffs | |
| v. | CIVIL ACTION NO. 03-11293-REK |
| STANLEY E. FULTON, MY WAY HOLDINGS, LLC, and ANCHOR PARTNERS, LLC, Defendants | |

**Final Judgment**
December 23, 2003

For the reasons stated in the Memorandum and Order of this date, it is ORDERED:

This civil action No. 03-11293-REK is DISMISSED with prejudice. Costs are awarded to defendants.

Approved:

____/s/ Robert E. Keeton______

Robert E. Keeton
Senior United States District Judge

By the Court,

________________________________

Craig Nicewicz
Deputy Clerk