UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THE GENERAL CONVENTION OF THE NEW )
JERUSALEM IN THE UNITED STATES OF )
AMERICA, INC., THE MASSACHUSETTS )
ASSOCIATION OF THE NEW JERUSALEM )
(SWEDENBORGIAN) and GEORGE CHAPIN, )
)
Plaintiffs, )
)
v. ) C.A. No. 04 10419 WGY
)
EDWARD MACKENZIE, THOMAS KENNEDY, )
BOSTON SOCIETY OF THE NEW JERUSALEM )
INCORPORATED (SWEDENBORGIAN) and )
BOSTONVIEW CORPORATION, )
)
Defendants. )

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER STAYING
<u>DISCOVERY PENDING DECISION ON MOTION TO DISMISS</u>**

### I.  INTRODUCTION

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Defendants, Boston Society of the New Jerusalem, Incorporated and Bostonview Corporation ("the Defendants") have moved for a protective order staying all discovery in this action pending this Court's ruling on the Defendant's Motion To Dismiss.[1] For the reasons stated below, the Court should issue a protective order, staying all discovery in this action, including, but not limited to: (1) quashing any subpoenas for depositions; and (2) tolling the time within which to respond to the Plaintiffs, the General Convention Of The New Jerusalem In The United States Of America, Inc., The Massachusetts Association Of The New Jerusalem (Swedenborgian), and George Chapin ("the

---

[1] This action was commenced on March 2, 2004. Defendants must answer or move on or before Monday, March 22, 2004, when Defendants are to file Motions to Dismiss.

Plaintiffs") written discovery requests, until the Court's decision on the Defendants' Motions to Dismiss.

## II.  BACKGROUND

On or about March 2, 2004 the Plaintiffs filed their Complaint in this action. On or about March 5, 2004 the Plaintiffs served requests for production of documents, pursuant to Rule 34, and interrogatories, pursuant to Rule 33. In their request for production, the Plaintiffs seek the production of 28 categories of documents, which are concerned largely with the financial affairs of the Defendant, Boston Society of the New Jerusalem, Incorporated (Swedenborgian) ("Church") and Bostonview Corporation ("Bostonview"), the confirmation procedures for Church members, and the Church's internal governance structures. The interrogatories seek similar information. (A true and complete copy of the Plaintiffs First Set Of Interrogatories is attached as Exhibit A. A true and complete copy of the Plaintiffs First Request For The Production Of Documents is attached as Exhibit B).

Also on March 5, 2004, the Plaintiffs purported to serve on Defendants their mandatory automatic pretrial disclosures pursuant to Rule 26(a). (A true and complete copy of the Plaintiffs "Automatic Disclosures" is attached as Exhibit C.) The Court has not set a date for a Rule 16 scheduling conference.

On March 16 and March 18, the Plaintiffs served subpoenas upon and noticed the depositions of four separate third parties, all of which depositions have been scheduled for either March 24 or 25:

- Keeper of the Records of Fleet Bank, noticed on March 16 for a March 24, 2004 deposition;

- Keeper of the Records of Mellon Financial, noticed on March 16 for a March 24, 2004 deposition;

- Keeper of the Records of MacDonald & McEachern, Inc., noticed on March 18 for a March 25, 2004 deposition; and

- Keeper of the Records of XV Beacon Hotel, noticed on March 18 for a March 25, 2004 deposition.

Like the written discovery requests, the depositions seek to obtain information and documents concerned largely with the financial affairs of the Church and Bostonview. (True and complete copies of each of the above referenced notices of deposition are attached in chronological order as Exhibit D.)

The Defendants will file Motions To Dismiss in this action by Monday, March 22, seeking to dismiss all of the Plaintiffs claims based on legal and jurisdictional grounds. Specifically, the Defendants will show that this Court lacks jurisdiction over the Plaintiffs' claims, that the Plaintiffs do not have standing, and that the Complaint fails to state a claim upon which relief can be granted.

## II.    ARGUMENT

A district court has broad discretion to decide when a protective order is appropriate and what degree of protection is required. See Poliquin v. Garden Way, Inc., 989 F.2d 527, 532 (1st Cir. 1993). A protective order may issue after a showing that good cause exists for the protection of the material sought. See Public Citizens v. Liggett Group, Inc., 858 F.2d 775, 789 (1st Cir. 1988), cert. denied, 488 U.S. 1030 (1989).

As will be shown below, good cause clearly exists for the issuance of a protective order. First, the Plaintiffs are not entitled to the discovery sought because their requests have been

served far in advance of any of the discovery deadlines established by the Federal Rules of Civil Procedure. Furthermore, the Plaintiffs' discovery is sought where the Plaintiffs' own paltry automatic disclosures are so inadequate as to be virtually useless. Third, the Plaintiffs cannot show that the discovery sought is purely for the purposes of establishing the jurisdiction of this Court in opposition to the Defendants imminent Motions To Dismiss. Accordingly, good cause exists for the issuance of a protective order.

### 1. The Discovery Sought Is Premature

Generally a party may not engage in discovery until the parties hold the discovery conference as mandated by Rule 26(f). Fed. R. Civ. P. 26(d). See also 6 James Wm. Moore et al., Moore's Federal Practice ¶26.121 (3d ed. 2002). Needless to say, that conference has not yet taken place in this case. Nor has the Court yet scheduled the Rule 16 conference in this matter. Nevertheless, the Plaintiffs have served extensive discovery on the Defendants and are seeking to depose the Keepers of the Records of four entities, the goal of which is to obtain confidential financial information of the Church and Bostonview.

As an attempt to justify the discovery served, the Plaintiffs have also served what they claim to be their "automatic disclosures" under Rule Fed. R. Civ. P. 26(a). But those so-called automatic disclosures are wholly inadequate on their face, entirely failing to satisfy the Rule 26(a) requirements. For instance, they fail to identify the addresses and telephone numbers of the Plaintiffs' identified witnesses in addition to the subjects of their knowledge. Fed. R. Civ. P. 26(a)(1)(A). In addition the description of the two lone document categories – as "Correspondence related to the activities of the Church" and "Church By-laws" – is exceedingly thin. As a result the Plaintiffs' putative automatic disclosures fail to comply with Rule 26(a), which contemplates that the disclosing party will "describe and categorize to the extent identified

during the initial investigation, the nature and location of . . . documents and records . . . sufficiently to enable the opposing party to (1) make informed decision concerning which documents might need to be examined at least initially, and (2) to frame their document requests in a manner likely to avoid squabbles resulting from the wording of the requests." Fed. R. Civ. P. 26(a)(1), Advisory Committee Notes (1993). For those reasons alone, the Court should strike the so-called automatic disclosures of the Plaintiffs.

Even leaving aside the fact that those "disclosures" fail to satisfy the most basic requirements of Rule 26(a), they cannot justify the untimely discovery served on the Defendants or serve as a basis to compel the Defendants to respond to that discovery. Rule 26(a)(5) contemplates that the parties may only resort to traditional discovery methods (interrogatories, requests for production, and depositions) after production of the other party's automatic disclosures. Where, as here, a party attempts to anticipate mandatory disclosures by serving discovery demands seeking the virtually identical information prior to the time that the disclosures are due under Rule 26(a), those discovery demands may be stricken as untimely. See 6 James Wm. Moore et al., Moore's Federal Practice ¶26.123 (3d ed. 2002).

While the depositions relate to non-parties, they seek essentially the identical information sought in the Plaintiffs' requests for production and interrogatories to the Defendants. As such, the depositions are a plain attempt to do an end-run around the Rule 26(a) discovery obligations by seeking from third parties that which would not yet be discoverable from the Defendants.

Based on this analysis the Plaintiffs are simply not entitled to the discovery that they seek. First, they have attempted to serve discovery before the Rule 26(f) conference has been scheduled, let alone convened. Second, they have completely failed to satisfy the requirements of Rule 26(a). Finally, they have improperly sought to anticipate the Defendants' own automatic

disclosures by serving discovery demands that seek the same information as that which is to be contained in the Rule 26(a) statement. Accordingly, the Plaintiff's automatic disclosures must be stricken and the Plaintiffs discovery must be stricken or stayed.

### 2. All Discovery Should Be Stayed Pending The Court's Decision On The Defendants' Motion To Dismiss

The Defendants anticipate that they will file on Monday, March 22, 2004, Motions To Dismiss, primarily on jurisdictional grounds but also for failure to state a claim. The Court should stay all discovery pending its decision on these motions. See Johnson v. New York Univ. Sch. Of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (district court granted stay of discovery pending outcome of defendant's motion to dismiss); Skellerup Indus., Ltd. v. City of Los Angeles, 163 F.R.D. 598, 601 (C.D.Cal. 1995). See also Feliciano v. DuBois, 846 F. Supp. 1033, 1043 (D. Mass 1994) (holding that Rule 56(f) response by plaintiff seeking additional time for extensive discovery is likely to fail when defendant's dispositive motion is presented on grounds of failure of complaint to assert claim within subject-matter jurisdiction of court). It is, therefore, appropriate for a court to grant a stay of discovery pending the decision on a dispositive motion where the motion appears to have substantial grounds or does not "appear to be without foundation in law." Johnson, 205 F.R.D. at 434.

Accordingly, courts have stayed discovery pending the outcome of a dispositive motion where: the issues raised in that motion are strictly matters of law and do not involve the sufficiency or merits of the allegations; the dispositive motion if successful will dispose of the entire action; the issue is one that cannot be cured through an amendment of the pleading; and there is no showing of prejudice if the court stays discovery. See United States v. County of Nassau, 188 F.R.D. 187, 188 (E.D.N.Y 1999). See also 6 James Wm. Moore et al., Moore's

Federal Practice ¶26.105[3] (3d ed. 2002) for list of factors that courts consider in deciding motion to stay discovery pending decision on dispositive motion.

The discovery sought by the Plaintiffs is irrelevant to the narrow legal and jurisdictional issues presented by the Defendants' Motion To Dismiss. As such, there is no prospect that the discovery sought will have any bearing on the jurisdictional and related legal issues to be addressed in the Defendants' Motion To Dismiss. The Plaintiffs' requests, which focus almost exclusively on the financial affairs of the Church and Bostonview and the confirmation procedures of the Church's members, go to the merits of their claims, not to the legal basis of their claims or of the Court's jurisdiction in this case. As a result there is no compelling reason that the discovery needs to go forward now while the Defendants' Motions To Dismiss are pending. To the contrary the taking of discovery in an action which is likely to be dismissed imposes an unnecessary burden on Defendants.

BOS_438547_1/MCORMIER

### III.  CONCLUSION

For all of the reasons stated in this Memorandum Of Law, the Court should grant the relief sought in the accompanying motion and issue a protective order staying all discovery in this action until this Court's decision on the Defendants' Motions To Dismiss, including but not limited to: (1) quashing any subpoenas for depositions; and (2) tolling the time within which to respond to the Plaintiffs written discovery demands.

BOSTON SOCIETY OF THE NEW
JERUSALEM, INCORPORATED and
BOSTONVIEW CORPORATION,
 Defendants,

By their attorneys,

_____
Richard J. McCarthy (BBO #328600)
Mary Patricia Cormier (BBO # 635756)
EDWARDS & ANGELL LLP
101 Federal Street
Boston, MA  02110
Tel:  (617) 439-4444
Fax:  (617) 439-4170

Dated: Boston, MA
       March 19, 2004

**CERTIFICATE OF SERVICE**
I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand.

Date: 3/19/2004  _____