UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE GENERAL CONVENTION OF THE NEW JERUSALEM IN THE UNITED STATES OF AMERICA, INC., THE MASSACHUSETTS ASSOCIATION OF THE NEW JERUSALEM (SWEDENBORGIAN), and GEORGE CHAPIN,<br><br>        Plaintiffs,<br><br>v.<br><br>EDWARD MACKENZIE, THOMAS KENNEDY, BOSTON SOCIETY OF THE NEW JERUSALEM, INCORPORATED (SWEDENBORGIAN), and BOSTONVIEW CORPORATION<br><br>        Defendants. | C.A. No. 04-10419-WGY |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF**
**JOINT MOTION FOR ENTRY OF CONFIDENTIALITY ORDER**

**I.   INTRODUCTION**

For the reasons set forth below, the Defendants, Edward MacKenzie ("MacKenzie"), Thomas Kennedy ("Kennedy"), Boston Society of the New Jerusalem, Incorporated (the "Church") and Bostonview Corporation ("Bostonview") (collectively, "the Defendants") have moved the Court to issue a confidentiality order, in the form set forth in Exhibit A to the accompanying Motion, ordering the Plaintiffs to treat as confidential all (a) financial information and (b) Boston Society of the New Jerusalem, Inc. and its subsidiaries' internal documents obtained in this action.

The Court should exercise its discretion to avoid the unnecessary disclosure of private financial information of the sort sought by the Plaintiffs in this action. Courts have traditionally

protected private financial information, whether in the form of tax returns or bank records, from disclosure and use outside litigation.  Further, in recognition of both the importance to the public interest and the vulnerability of public charities, the Massachusetts legislature has exclusively empowered the Office of the Attorney General for the Commonwealth of Massachusetts ("Attorney General") to police public charities, but at the same time required that all information and documents obtained in that process be kept confidential.  Mass. Gen. L. ch. 12 § 8H.  Since, the Church is a public charity, it would be contrary to the public policy embodied in this statute to permit the Plaintiffs to receive such protected sensitive information by end run without putting the same limits on the disclosure and use of those documents and information as apply to the Attorney General.

## II.   BACKGROUND

In early March 2004, the Plaintiffs filed their Complaint in this action.  During the months of March and April, prior to and during the pendency of Defendants' Motions to Dismiss, the Plaintiffs served non-party subpoenas upon, and noticed six document production depositions of, five non-parties.[1]  These non-party deposition notices requested all personal and institutional financial records, without any limitation by subject matter, as follows:

- Keeper of the Records, Fleet Bank (seeking without limitation all Harborview and John Burke (a non-party Church member) bank records);

- Keeper of the Records, Mellon Financial Corporation (seeking without limitation all Church, MacKenzie, Kennedy, Burke and Harborview bank records);

---

[1] On or about March 19, 2004, the Defendants filed a Motion For Protective Order Staying Discovery Pending Decision On Motion To Dismiss, which was denied.

- Keeper of the Records, MacDonald & McEachern, Inc. (the Church's auditor) (seeking without limitation all Church contract, financial and audit records, and "all documents which relate to the Church in any other way");

- Keeper of the Records, XV Beacon Hotel (seeking lodging payment information concerning Burke, Renee Meldon, Renee Parker, or Renee Thomas);

- Keeper of the Records, Fleet Bank (seeking without limitation all Bostonview and Burke financial records); and

- Keeper of the Records, Compass Bank (seeking without limitation all Burke, Harborview, and Bostonview financial records)

All of the depositions seek to obtain information and documents concerned exclusively with the financial affairs of the Church and certain individuals, some of whom are not parties to this case.[2]  (True and complete copies of each of the above-referenced non-party deposition notices are attached as Exhibit A.)  Plaintiffs have already obtained some of this information, although it is Defendants' counsels' understanding that most of the depositions have not taken place.

Given the private and protected nature of the broad financial information sought by the Plaintiffs, the Defendants sent to Plaintiffs' counsel, in early April 2004, a proposed form of confidentiality agreement.  Plaintiffs' counsel refused to enter into any stipulated confidentiality agreement in connection with discovery in this case, agreeing only to keep confidential any documents or other information Plaintiffs might receive until the Court resolves the issue of confidentiality.

---

[2]   In March and April 2004, Plaintiffs also served requests for production of documents, pursuant to Rule 34, and interrogatories, pursuant to Rule 33, which seek the production of documents comprised entirely of documents covering the internal operations and financial affairs of the Church and Bostonview.  While the issue of what must be produced in response to these requests is not yet before this Court, it can be anticipated that the issue of the confidential treatment of whatever information may be produced will recur.  The proposed order annexed to the Motion, if accepted as drafted, would cover documents and information produced in response to these discovery requests.

All of the information and documents sought in the deposition notices constitute private financial information of the type which the courts typically protect from unnecessary disclosure. Moreover, well before the commencement of this litigation, the Attorney General had commenced a Suffolk Superior Court action pursuant to the authority granted to him by Mass. Gen. L. ch. 12 § 8H. In connection with that investigation, the Attorney General has obtained bountiful information which includes both financial information and internal operation records. The Attorney General has kept all of that information and all of those documents confidential, as required by law. The same strong public policy embodied in this statutory restriction should be applied equally to the Plaintiffs.

### III.   ARGUMENT

#### A.   The Documents And Information Sought Are Confidential And Should Be Protected from Unnecessary Disclosure.

Protective orders are typically granted to prohibit the use of discovery for purposes unrelated to the lawsuit and to prevent the further disclosure of confidential information. 6 Moore's Federal Practice § 26.101(1)(b), at 26-241. A court should exercise its discretion to avoid the unnecessary disclosure of confidential information. See, e.g., Ares-Sorono, Inc. v. Organon International B.V., 151 F.R.D. 215, 219 (D. Mass. 1993) (permitting the limited disclosure of confidential information subject to the terms of a Stipulated Protective Order). In making this determination, a court is in effect balancing the right of the plaintiff to examine the evidence against the right of the defendant to protect its confidential information. See id. at 220.

##### 1.   Financial Information Should be Protected from Unnecessary Disclosure.

The financial documents and information sought by the Plaintiffs in discovery are of the sort that has always been treated as confidential by state and federal legislatures and the courts.

A recent First Circuit decision, In re Boston Herald, Inc., 321 F.3d 174 (1st Cir. 2003), recognized that "the importance of financial privacy is also enshrined in public policy." Id. at 190. In Boston Herald the First Circuit reviewed a trial court order denying the Boston Herald access to financial documents filed by a criminal defendant under the Criminal Justice Act, 18 U.S.C. § 3006A (2000) ("CJA"), in order to obtain funding for some of his defense costs. Although the CJA permitted disclosure, the court observed that as a general rule financial information, such as income or bank account balances, is "universally presumed to be private, not public." Boston Herald, 321 F.2d at 190. The court identified several federal statutes that protect the confidentiality of financial information, including the Freedom Of Information Act, 5 U.S.C. § 552(b)(4) (2000) and the Gramm-Leach-Bliley Act, 15 USC §§6801 – 6809 (governing privacy in the context of financial institutions). Given the strong public policy against disclosure of financial information, the First Circuit concluded that the trial court did not err in preventing the Boston Herald access to the financial information.

Even though, in Boston Herald, the documents sought by The Herald were subject to a general rule of disclosure, the court nonetheless decided not to disclose the information due to the universally recognized public policy that protects private financial information from disclosure. By contrast, in the case at bar there does exist a clear public policy statement, in the form of the Mass. Gen. L. ch. 12 § 8H(6), that public charity information be kept confidential. Thus, the public policy considerations supporting confidentiality in this case are even more compelling than in Boston Herald.

Similarly, in Olympia & York State Street Co. v. Board of Assessors of Boston, 428 Mass. 236, 1700 N.E. 2d 533 (1998), the Plaintiff sought discovery of information provided to

the assessor by other Boston office tower property owners, notwithstanding the following statutory provision:

> [a]ll information collected pursuant to [Mass. Gen. L. ch. 59 §§38D, 38E, 61A, and ch. 58A, §8A] shall be open to inspection of the assessors ... and such other officials of the commonwealth or of its political subdivisions who have occasion to inspect such information in the performance of their official duties, ***but to no other person except by order of the appellate tax board or a court***, except that if the assessor bases a valuation of an assessed owner's real ... property, in whole or in part, on a comparable sale, or sales, the assessor shall provide any market data relating to such comparable sale or sales to the assessed owner of the property or his designated representative upon request.

Mass. Gen. L. ch. 59 § 52B (emphasis added). The court upheld the Appellate Tax Board's denial of access to those documents, reasoning:

> In order to derive accurate assessments, the assessors need access to this information. ***It is only with strong assurances of confidentiality that such information is willingly produced, and it should not be released merely for the convenience of litigants***.

Olympia & York, 428 Mass. at 244, 700 N.E. 2d 539-40 (emphasis added, footnotes omitted).

The Plaintiffs have sought all of the financial records, including bank account information, audits, expenses and contracts, of the Church, Bostonview, and Harborview, and some of their members.[3] The discovery requests are not limited in scope, for example, requesting from MacDonald & MacEachern, Inc., "[a]ll documents which relate to [the Church or Bostonview] in any other way." (See Ex. A hereto.)  Unlike in the Boston Herald and Olympia & York cases discussed supra, Defendants herein are not asking that all financial information and internal records not be disclosed to Plaintiffs. Rather, Defendants are seeking the more limited remedy of confidentiality after disclosure to Plaintiffs. It is exactly this sort of

---

[3] The Fleet Bank and Mellon Financial deposition notices request information regarding the bank accounts of Burke, Kennedy, and MacKenzie, as well as financial information regarding the Church, Bostonview, and Harborview. Although Mr. Kennedy and Mr. MacKenzie are Defendants in this action, Mr. Burke is not.

personal financial and internal information that courts have required be kept confidential. See Buntzman v. Springfield Redevelopment Authority, 146 F.R.D. 30 (D. Mass. 1993) (order protected confidentiality of personal tax returns produced in litigation).

### 2. The Documents And Information Sought Are Already Subject to Strict Confidentiality Under Massachusetts Law

The Attorney General has the exclusive power to investigate and enforce the proper application of Church funds and to prevent breaches of trust in the Church's administration. Mass. Gen. L. ch. 12, §§ 8, 8G, 8I. In fact, such an action by the Attorney General is pending in Suffolk Superior Court, Civil Action No. 03-5408A (the "Suffolk Superior Court Action" ).[4] Through that civil action, the Attorney General has received comprehensive information concerning the assets and governance of the Church and Bostonview, the Church's members, and the Church's conduct of its financial affairs.

As part of his discharge of this exclusive authority, the Attorney General has reviewed voluminous documents, including documents and information now sought by the Plaintiffs in this litigation. The Attorney General is bound under Massachusetts law to maintain the confidentiality of these documents and of the Defendants' information:

> (1) The attorney general, whenever he believes that charitable funds have not been or are not being applied to charitable purposes or that breaches of trust have been or are being committed in the administration of a public charity, may conduct an investigation upon application to and with the approval of a judge of the trial court. . . . (6) *Any documentary material or other information produced by any person pursuant to this section shall not, unless otherwise ordered by a court of the commonwealth for good cause shown, be disclosed to any person other than the authorized agent or representative of the attorney general, unless with the consent of the person producing the same*.

---

[4] A true and accurate copy of the Civil Investigative Demand (the "CID"), which commenced the Suffolk Superior Court Action in November 2003, is annexed as Exhibit A to the Church's Motion To Dismiss.

Mass. Gen. L. ch. 12, § 8H(6) (emphasis added).

Thus, the Massachusetts legislature coupled the Attorney General's power to investigate and oversee the functioning of public charities with the requirement that the information provided by public charities be kept confidential. The importance of maintaining the confidentiality of the internal records of a public charity is clear: the continued success of a public charity depends upon its members' and contributors' belief and support. The gratuitous disclosure of information easily could have collateral effects that irreparably harm the operations of the charity.

Should this Court not dismiss this action, as requested in the pending motions to dismiss, the legislative goal of protecting the confidentiality of the Defendants' sensitive financial and internal information should nonetheless be implemented here through a confidentiality order. The legislature did not carefully circumscribe the Attorney General's disclosure and use of the Defendants' documents and information as part of a unitary enforcement scheme only to have this strong public policy upended and circumvented by private litigants.

The proper remedy is the relief sought here: disclosure to the adverse party with a requirement that the confidential information disclosed be kept confidential and used solely for purposes of the litigation. The imposition of a such a requirement of confidentiality would have no adverse impact on Plaintiffs' conduct of this litigation, but would further the strong public policies requiring confidentiality.

### III.   CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court should grant the relief sought in the accompanying motion and enter a protective order in the form proposed in Exhibit A to the Motion.

>EDWARD MACKENZIE and
>THOMAS KENNEDY,
>    Defendants,
>
>By their attorneys,
>
>
>/s/ Nicholas B. Carter
>Howard M. Cooper (BBO #543842)
>Nicholas B. Carter  (BBO #561147)
>TODD & WELD LLP
>28 State Street, 31st Floor
>Boston, MA  02109
>(617) 720-2626
>(617) 227-5777 fax
>
>
>BOSTON SOCIETY OF THE NEW
>JERUSALEM, INCORPORATED and
>BOSTONVIEW CORPORATION,
>    Defendants,
>
>By their attorneys,
>
>
>/s/ Brian H. Lamkin
>Richard J. McCarthy (BBO #328600)
>Brian H. Lamkin (BBO #635688)
>Mary Patricia Cormier (BBO # 635756)
>EDWARDS & ANGELL LLP
>101 Federal Street
>Boston, MA  02110
>(617) 439-4444
>(617) 439-4170 fax