UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE GENERAL CONVENTION OF THE NEW JERUSALEM IN THE UNITED STATES OF AMERICA, INC., THE MASSACHUSETTS ASSOCIATION OF THE NEW JERUSALEM (SWEDENBORGIAN), and GEORGE CHAPIN,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>EDWARD MACKENZIE, THOMAS KENNEDY, BOSTON SOCIETY OF THE NEW JERUSALEM, INCORPORATED (SWEDENBORGIAN), and BOSTONVIEW CORPORATION<br><br>　　　　　Defendants. | C.A. No. 04-10419-WGY |

**[PROPOSED] CONFIDENTIALITY ORDER
GOVERNING DISCOVERY MATERIALS**

Upon consideration of the Defendants' Joint Motion For Entry Of Confidentiality Order, and after hearing, it is hereby ORDERED, ADJUDGED and DECREED that:

1. All (a) financial information, and (b) all Boston Society of the New Jerusalem, Inc. and its subsidiaries internal documents, including membership records, produced in the above-captioned case is confidential and shall not be disclosed to the public or to any persons that are not parties to this lawsuit.

2. Confidential information shall be used only for the purpose of conducting this litigation and not for any other purpose. Disclosure for the purpose of conducting this litigation may be made only as follows:

    (a) To the named parties to the action and any directors, officers or employees of a party required to assist such party with respect to this action;

    (b) To counsel of record and their employees and agents such as copying vendors;

    (c) To persons required by counsel of record to assist substantively in conducting this litigation such as experts or liability insurers, but only if, before disclosure, such person executes a declaration in the form described in paragraph 4, which counsel shall retain;

1

  (d) To any person not included in subparagraphs 2(a)-2(c), above, whose testimony during these proceedings is obtained or sought, but only if, before disclosure, such person executes a declaration in the form described in paragraph 4 which the witness or the witness's counsel shall make available to any party on request; and,

  (e) To the Court.

3. All parties and their counsel of record shall exercise good faith and reasonable care to avoid impermissible disclosure.

4. Any person who discloses confidential information to another shall advise such person of the existence of this protective order and of its terms. All persons so advised shall abide by the provisions of this protective order and so indicate in a signed writing.

5. Within thirty days of final adjudication of this action, including any and all appeals, all confidential information and all copies of such confidential information shall be returned to the producing party.

6. ~~All documents filed with the Court that contain, attach, or refer to the confidential information shall be filed under pursuant to F.R.C.P. 7.2 governing the filing of impounded and confidential materials.~~

6. *NO documents shall be filed with the Court pursuant to this order.* [handwritten]

SO ORDERED:

*William G. Young* [signature]
Chief Judge William G. Young

Dated: *May 4*, 2004

2