UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE GENERAL CONVENTION OF THE NEW JERUSALEM IN THE UNITED STATES OF AMERICA, INC., THE MASSACHUSETTS ASSOCIATION OF THE NEW JERUSALEM (SWEDENBORGIAN) and GEORGE CHAPIN,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>EDWARD MACKENZIE, THOMAS KENNEDY, BOSTON SOCIETY OF THE NEW JERUSALEM, INCORPORATED (SWEDENBORGIAN) and BOSTONVIEW CORPORATION,<br><br>　　　　Defendants. | CIVIL ACTION<br>NO. 04-10419-WGY |

### DEFENDANT EDWARD MACKENZIE'S MOTION TO STRIKE ALLEGATIONS IN COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(f), defendant Edward MacKenzie ("Mr. MacKenzie"), respectfully moves to strike the allegations in paragraphs 54 through 58 of the Complaint. Plaintiffs have described in these paragraphs misconduct that Mr. MacKenzie allegedly engaged in prior to November 2002 when he joined the Boston Society of the New Jerusalem, Inc. ("the Church"). This motion should be allowed because the allegations of prior bad acts -- most of which were allegedly committed 15 to 25 years ago -- are immaterial to plaintiffs' claims regarding Mr. MacKenzie's conduct at the Church in the last 1 ½ years. In addition, the allegations are designed solely to impugn Mr. MacKenzie's character for the purpose of trying Mr. MacKenzie for *who he*

*was* before he joined the Church, not *what he did* as a member of the Church. Plaintiffs should be required to prove their claims on the merits. Accordingly, the *ad hominem* attacks on Mr. MacKenzie in paragraphs 54 through 58 of the Complaint should be stricken.

     As further grounds for this motion, Mr. MacKenzie states as follows:

     1.    This Court has "considerable discretion" in striking allegations from the Complaint which are "immaterial, impertinent or scandalous." See Morales v. Digital Equip. Corp., 843 F.2d 613, 618 (1st Cir. 1988).

     2.    In their Complaint, plaintiffs assert claims against Mr. MacKenzie about his alleged misconduct as a member of the Church, which he joined in November 2002. Whether Mr. MacKenzie engaged in misconduct at prior times in his life and toward individuals unaffiliated with the Church, as plaintiffs allege in paragraphs 54 through 58, is utterly irrelevant to plaintiffs' claims that Mr. MacKenzie engaged in misconduct at the Church.

     3.    To underscore the irrelevance of these allegations, it should be noted that they mostly concern conduct in the distant past. For example, plaintiffs describe in paragraphs 54 and 55, conduct that Mr. MacKenzie allegedly engaged in during the 1980s -- approximately 15 to 25 years ago. In paragraph 56, plaintiffs allege a cocaine trafficking conviction 14 years ago for which he allegedly received "immunity" for assisting in the apprehension of Columbian drug dealers. With respect to the more recent conduct alleged in paragraphs 57 and 58, plaintiffs acknowledge that this conduct too occurred at least one year before Mr. MacKenzie joined the Church. Moreover, there is nothing in the Complaint that suggests that any of this alleged prior conduct was

directed at or involved members of the Church.  On the basis of immateriality alone, the allegations in these paragraphs should be stricken.  See Fed. R. Civ. P. 12(f).

4.	The allegations should also be stricken because they constitute nothing more than an impermissible attempt by plaintiffs to use "prior bad acts" to prove that Mr. MacKenzie, in conformity with his alleged past, acted wrongfully at the Church.  Rule 404(b) of the Federal Rules of Evidence plainly prohibits the introduction of such "prior bad act" evidence for this purpose.[1]  Where allegations in a complaint are scandalous or otherwise improper, they should be stricken.  See Morales v. Digital Equip. Corp., 843 F.2d at 618 (immaterial and scandalous allegations stricken); Martin v. Hunt, 28 F.R.D. 35, 35-36 (D. Mass. 1961) (complaint containing argumentative, verbose, impertinent and scandalous allegations stricken *in toto*).

WHEREFORE, Mr. MacKenzie requests that this Court strike the allegations in paragraphs 54 through 58 of the Complaint.

### REQUEST FOR HEARING

Mr. MacKenzie requests a hearing on this motion.

|  |  |
|---|---|
|  | EDWARD MACKENZIE, By his attorneys, |
|  | /s/ Nicholas B. Carter |
|  | Howard M. Cooper (BBO #543842) |
|  | Nicholas B. Carter (BBO #561147) |
|  | TODD & WELD LLP |
|  | 28 State Street, 31st Floor |
|  | Boston, MA  02109 |
| Dated:  May 14, 2004 | (617) 720-262 |

---

[1] The alleged prior bad acts that occurred more than 10 years ago, even if they resulted in convictions, would likely not be admissible even to impeach Mr. MacKenzie.  See Fed. R. Evid. 609 (evidence of conviction not admissible more than 10 years after conviction or confinement, whichever is later, unless probative value substantially outweighs prejudicial effect).

3