UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THE GENERAL CONVENTION OF THE NEW JERUSALEM IN THE UNITED STATES OF AMERICA, INC., THE MASSACHUSETTS ASSOCIATION OF THE NEW JERUSALEM (SWEDENBORGIAN) and GEORGE CHAPIN,<br><br>    Plaintiffs,<br><br>v.<br><br>EDWARD MACKENZIE, THOMAS KENNEDY, BOSTON SOCIETY OF THE NEW JERUSALEM, INCORPORATED (SWEDENBORGIAN) and BOSTONVIEW CORPORATION,<br><br>    Defendants. | CIVIL ACTION<br>NO. 04-10419-WGY |

## **DEFENDANT EDWARD MACKENZIE'S ANSWER TO COMPLAINT**

Defendant Edward MacKenzie ("MacKenzie"), by his attorneys, answers the allegations in the Complaint as follows:

1. Denied.

2. Denied, except that MacKenzie admits that he officially joined the Church in or about November 2002.

3. Denied, except that MacKenzie admits that he was elected Treasurer.

4. Denied.

5. Denied.

6. Denied.

7. This paragraph sets forth only argument and legal conclusions which do not required an answer. To the extent that an answer is required, denied.

8. The Church's by-laws speak for themselves and, therefore, no answer is required. To the extent an answer is required, denied.

9. MacKenzie admits that the principles of Emanuel Swedenborg include acting for the benefit of others. MacKenzie lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in the paragraph.

10. MacKenzie lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

11. MacKenzie admits that George Chapin is a member of the Boston Society of The New Jerusalem, Inc. (Swedenborgian). MacKenzie lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in this paragraph.

12. MacKenzie admits that he is an individual. MacKenzie denies the remaining allegations of this paragraph.

13. MacKenzie admits that Kennedy is an individual. MacKenzie denies the remaining allegations of this paragraph.

14. Admitted, except that the Church has not changed its name and is not now named "Church of the Hill."

15. MacKenzie admits that Bostonview is a corporation which is located at, and owns the building located at, 140 Bowdoin Street, Boston, Massachusetts, which building contains the Church, Church offices and residential apartments, and that the Church is the sole owner of Bostonview. MacKenzie denies the remaining allegations of this paragraph.

16. MacKenzie states that this paragraph sets forth only argument and legal conclusions to which no answer is required. Otherwise, denied.

17. MacKenzie states that this paragraph sets forth only argument and legal conclusions to which no answer is required. Otherwise, denied.

18. MacKenzie admits that the Church was first organized in 1818 by local residents. MacKenzie denies the remaining allegations of this paragraph.

19. This paragraph contains alleged statements of religious principle and doctrine to which no answer is required. To the extent that an answer is required, MacKenzie admits that the members shall subscribe to a statement of faith contained in Article III, section 1 of the Church's by-laws.

20. MacKenzie lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the paragraph.

21. MacKenzie admits that some members attend chapel services and that the Church is engaged in various charitable activities, including activities designed to assist members. MacKenzie denies the remaining allegations of this paragraph.

22. MacKenzie admits that the Church currently receives the services of a pastor and assistant pastor, who conduct the religious services and handle various administrative tasks of the Church. MacKenzie lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

23. Admitted.

24. MacKenzie admits that the Church has a Board of Trustees, the members of the Church elect the Trustees, and the Trustees have certain responsibilities as

described in the Church's by-laws.  MacKenzie denies the remaining allegations of this paragraph.

25.	MacKenzie admits that the Church has a Church Council which has a role in the decision as to whether to admit new members to the Church.  MacKenzie denies the remaining allegations of this paragraph.

26.	MacKenzie admits that, in or about 1982, Reverend Ellis became pastor the Church.  MacKenzie lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

27.	MacKenzie admits that as pastor Reverend Ellis guided the Church in its religious activities.  In that capacity, he was involved in various religious, charitable and administrative activities.  MacKenzie lacks sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph.

28.	MacKenzie denies that Reverend Ellis suffers any mental illness or mental instability that prevents him from performing effectively his duties as pastor of the Church.  MacKenzie otherwise lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

29.	MacKenzie denies that Reverend Ellis suffers any mental illness or mental instability that prevents him from performing effectively his duties as pastor of the Church.  MacKenzie otherwise lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

30.	MacKenzie lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

31. MacKenzie lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

32. MacKenzie lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

33. MacKenzie admits that the members of the Church voted to leave the Association in 2003. MacKenzie lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

34. MacKenzie lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

35. MacKenzie lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

36. MacKenzie lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

37. MacKenzie lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

38. MacKenzie states that exhibit A appears to be telephone records for the property at 79 Newbury Street, which records speak for themselves. MacKenzie lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

39. MacKenzie admits that exhibit B appears to be correspondence from Mellon to Wachovia, which correspondence speaks for itself. MacKenzie lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

40. MacKenzie lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

41. MacKenzie admits that Alfred Nugent had represented him previously. MacKenzie lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

42. MacKenzie lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

43. MacKenzie admits that he provided some assistance to Kennedy. MacKenzie denies the remaining allegations of this paragraph.

44. MacKenzie admits that, after obtaining authorization, Kennedy established an office at the Union facility at 79 Newbury Street. MacKenzie denies the remaining allegations in this paragraph.

45. MacKenzie admits that Kennedy's son provided services in connection with the renovation of the Union and he was paid for those services. MacKenzie denies the remaining allegations of this paragraph.

46. MacKenzie admits that, after obtaining authorization, Kennedy purchased some equipment and office furniture for the office at the Union. MacKenzie lacks sufficient knowledge or information to form a belief as to the truth of the allegation that Union funds were used to make these purchases. MacKenzie denies the remaining allegations of this paragraph.

47. MacKenzie admits that, after obtaining authorization, Kennedy purchased some equipment and office furniture for the office at the Union. MacKenzie lacks sufficient knowledge or information to form a belief as to the truth of the allegation that

Union funds were used to make these purchases. MacKenzie denies the remaining allegations of this paragraph.

48. MacKenzie admits that Kennedy resigned his position as President of the Union in or about December 2002, and that a Union meeting was scheduled for January 5, 2003 to elect officers and directors of the Union. MacKenzie denies that Kennedy resigned to avoid disclosure of alleged wrongful activities. MacKenzie lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

49. MacKenzie lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

50. Denied.

51. Denied.

52. MacKenzie admits that he met Reverend Ellis. MacKenzie denies the remaining allegations of this paragraph.

53. MacKenzie admits that he became an official member of the Church in or about November 2002. MacKenzie denies that he misrepresented his religious faith and aspirations in becoming a member of the Church. MacKenzie admits that he was raised as a Roman Catholic, but is no longer an active member of the Roman Catholic Church. With respect to plaintiffs' characterizations of the Church's by-laws (a prior version of which are attached at Exhibit C to the Complaint), MacKenzie states that the by-laws speak for themselves. MacKenzie denies the remaining allegations in this paragraph.

54. MacKenzie has filed a motion to strike the allegations in this paragraph on the grounds that they are immaterial to plaintiffs' claims and designed solely to harass and scandalize him. Therefore, no answer is required at this time.

55. MacKenzie has filed a motion to strike the allegations in this paragraph on the grounds that they are immaterial to plaintiffs' claims and designed solely to harass and scandalize him. Therefore, no answer is required at this time.

56. MacKenzie has filed a motion to strike the allegations in this paragraph on the grounds that they are immaterial to plaintiffs' claims and designed solely to harass and scandalize him. Therefore, no answer is required at this time.

57. MacKenzie has filed a motion to strike the allegations in this paragraph on the grounds that they are immaterial to plaintiffs' claims and designed solely to harass and scandalize him. Therefore, no answer is required at this time.

58. MacKenzie has filed a motion to strike the allegations in this paragraph on the grounds that they are immaterial to plaintiffs' claims and designed solely to harass and scandalize him. Therefore, no answer is required at this time.

59. Denied.

60. MacKenzie admits that, after joining the Church, he committed much of his time to improving the Church and assisting the Church, including Reverend Ellis. MacKenzie denies the remaining allegations in this paragraph.

61. Denied.

62. MacKenzie admits that he received assistance from the Church in paying for the secondary school tuition of one of his children, as other members had received

similar tuition assistance for their relatives.  MacKenzie denies the remaining allegations of this paragraph.

63. Denied.

64. MacKenzie states that the voting procedures of the Church are set forth in the Church's by-laws which speak for themselves.  Therefore, no answer is required.  To the extent that an answer is required, MacKenzie denies the allegations.

65. Denied.

66. Denied.

67. MacKenzie admits that some individuals were admitted as new members of the Church during votes in or about February and May, 2003.  MacKenzie denies the remaining allegations in this paragraph.  With respect to the agendas attached as Exhibit F and G to the Complaint, the agendas speak for themselves and, therefore, no answer is required.  To the extent that an answer is required, MacKenzie denies the allegations.

68. MacKenzie admits that Reverend Ellis supported the admission of these new members to the Church.  MacKenzie otherwise denies the remaining allegations in this paragraph.

69. MacKenzie denies the allegations in this paragraph.  To the extent that the allegations characterize the Church's by-laws, MacKenzie states that the by-laws speak for themselves and, therefore, no answer is required.  To the extent that an answer is required, MacKenzie denies the allegations.

70. MacKenzie lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the Complaint.

71.  MacKenzie states that the process of confirmation is set forth in the Church's by-laws, which speak for themselves. Therefore, no answer is required. To the extent that an answer is required, MacKenzie denies the allegations.

72.  MacKenzie states that the process of confirmation is set forth in the Church's by-laws, which speak for themselves. Therefore, no answer is required. To the extent that an answer is required, MacKenzie denies the allegations.

73.  MacKenzie denies the allegations in the first sentence of this paragraph. MacKenzie lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of this paragraph.

74.  Denied.

75.  MacKenzie admits that John Perry was replaced as Trustee by long-time member Thelma Hawkins by a substantial majority vote of the members. Further answering, Bob Buchanan resigned and did not even attend the meeting at which new officers and trustees were elected. MacKenzie denies the remaining allegations of this paragraph.

76.  Denied.

77.  MacKenzie admits that he and Kennedy were present during various votes. MacKenzie denies the remaining allegations in this paragraph.

78.  Denied.

79.  MacKenzie admits that he and Kennedy and others (including long-time members of the Church) were elected as Trustees replacing various existing members as Trustees. MacKenzie denies the remaining allegations of this paragraph.

80. MacKenzie admits that he was elected as Treasurer replacing Joan Buchanan. MacKenzie denies the remaining allegations of this paragraph.

81. Denied.

82. Denied.

83. MacKenzie admits that he became Treasurer effective September 1, 2003. MacKenzie admits that Kennedy received a check from the Church as payment for services he had rendered and that he sought to cash the check at Mellon. MacKenzie denies the remaining allegations of this paragraph.

84. MacKenzie admits that Mellon sought additional information as to the identities of Church members authorized to cash checks, as set forth in the letter from Mellon attached as Exhibit H to the Complaint. That letter speaks for itself and, therefore, no further answer is required. MacKenzie further admits that he and Kennedy were compensated for services they had rendered. MacKenzie denies the remaining allegations of this paragraph.

85. MacKenzie admits that on September 21, 2003, a special members meeting was conducted at the Church and Bobby and Joan Buchanan were removed as members of the Church. Notice of the meeting is attached as Exhibit I to the Complaint. That document speaks for itself and, therefore, no further answer is required. MacKenzie denies the remaining allegations of this paragraph.

86. MacKenzie admits that he moved to ratify the action of the Trustees to remove Joan and Bobby Buchanan. MacKenzie denies the remaining allegations of this paragraph.

87. MacKenzie admits that, on September 21, 2003, the members voted to remove Bobby and Joan Buchanan as members of the Church. MacKenzie denies the remaining allegations of this paragraph.

88. MacKenzie admits at the September 21, 2003 meeting, he and Kennedy were elected as directors as Bostonview. MacKenzie denies the remaining allegations of this paragraph.

89. MacKenzie admits that a letter from Edwards & Angell LLP concerning this election vote is attached as Exhibit J to the Complaint. The letter speaks for itself and, therefore, no further answer is required. The second sentence of the paragraph sets forth only argument and legal conclusions as a result of which no answer is required. To the extent that an answer is required, MacKenzie denies the allegations in this paragraph.

90. Denied.

91. MacKenzie lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

92. MacKenzie admits that Rev. Ellis was interviewed and that he invited members of the Church to attend. MacKenzie lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

93. Denied.

94. MacKenzie lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

95. Denied.

96. The document attached as Exhibit L to the Complaint speaks for itself and, therefore, no answer is required. To the extent an answer is required, MacKenzie denies

the allegations.  MacKenzie lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

97.    The document attached as Exhibit M to the Complaint speaks for itself and, therefore, no answer is required.  To the extent an answer is required, MacKenzie denies the allegations in this paragraph.

98.    The document attached as Exhibit N to the Complaint speaks for itself and, therefore, no answer is required.  To the extent an answer is required, MacKenzie denies the allegations in this paragraph.

99.    Denied.

100.   Denied.

101.   Denied.

102.   MacKenzie admits that the members of the Church voted to withdraw from the General Convention in 2003.  MacKenzie lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph.

103.   The documents attached as Exhibits O and P to the Complaint speak for themselves and, therefore, no answer is required.  To the extent an answer is required, MacKenzie denies the allegations in this paragraph.

104.   Denied.

105.   MacKenzie admits that the Church's by-laws effective as of the time of the Church's disaffiliation from the Denomination are attached as Exhibit C to the Complaint.  These by-laws speak for themselves and no answer is required.  To the extent that an answer is required, MacKenzie denies the allegations in this paragraph.

106. The allegations in this paragraph set forth only argument and legal conclusions as a result to which no answer is required. To the extent an answer is required, the allegations are denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. MacKenzie repeats and incorporates his prior responses.

112 – 120. MacKenzie states that these paragraphs set forth only argument and legal conclusions as a result of which no answer is required. To the extent that an answer is required, MacKenzie denies the allegations in these paragraphs.

121. MacKenzie repeats and incorporates his prior responses.

122 – 130. MacKenzie states that these paragraphs set forth only argument and legal conclusions as a result of which no answer is required. To the extent that an answer is required, MacKenzie denies the allegations in these paragraphs.

131. MacKenzie repeats and incorporate his prior responses.

132 -140. MacKenzie states that these paragraphs set forth only argument and legal conclusions as a result of which no answer is required. To the extent that an answer is required, MacKenzie denies the allegations in these paragraphs.

141 – 146. Since this count is asserted against the Church and Bostonview, no response is required by MacKenzie.

147 – 153. Since this count is asserted against the Church and Bostonview, no response is required by MacKenzie.

154. MacKenzie repeats and incorporates his prior responses.

155 – 161. MacKenzie states that these paragraphs set forth only argument and legal conclusions as a result of which no answer is required. To the extent that an answer is required, MacKenzie denies the allegations in these paragraphs.

162. MacKenzie repeats and incorporates his prior responses.

163 – 169. MacKenzie states that these paragraphs set forth only argument and legal conclusions as a result of which no answer is required. To the extent that an answer is required, MacKenzie denies the allegations in these paragraphs.

170. MacKenzie repeats and incorporates his prior responses.

171 – 178. MacKenzie states that these paragraphs set forth only argument and legal conclusions as a result of which no answer is required. To the extent that an answer is required, MacKenzie denies the allegations in these paragraphs.

179. MacKenzie repeats and incorporates his prior responses.

180-186. MacKenzie states that these paragraphs set forth only argument and legal conclusions as a result of which no answer is required. To the extent that an answer is required, MacKenzie denies the allegations in these paragraphs.

## SECOND DEFENSE

The Complaint, and each count thereof, failed to state a claim upon which relief can be granted and must be dismissed.

## THIRD DEFENSE

The Court lacks subject matter jurisdiction.

## FOURTH DEFENSE

The Court should not exercise supplemental jurisdiction.

**FIFTH DEFENSE**

Under the doctrine of abstention, the Court should not exercise jurisdiction over the plaintiffs' claims.

**SIXTH DEFENSE**

Plaintiffs have not and cannot articulate necessary elements of a claim under 18 U.S.C. § 1962.

**SEVENTH DEFENSE**

Plaintiff George Chapin has no standing to bring this action because he alleges no individualized harm or interest in the matter in dispute.

**EIGHTH DEFENSE**

Plaintiff General Convention has no standing to bring this action because the condition precedent to its claim, namely, the dissolution of the Church, has not occurred.

**NINTH DEFENSE**

The Church has not ceased to exist, but rather continues to function as an active Swedenborgian church.

**TENTH DEFENSE**

The First Amendment precludes the Court from exercising jurisdiction over plaintiffs' claims, which concern questions of religious faith, religious doctrine, church administration and organization, and the admission of individuals to membership in the Church.

**JURY DEMAND**

DEFENDANTS DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE.

        Respectfully submitted,

        EDWARD MACKENZIE,
        By his attorneys,

        /s/ Nicholas B. Carter
        Howard M. Cooper (BBO #543842)
        Nicholas B. Carter (BBO #561147)
        TODD & WELD LLP
        28 State Street, 31st Floor
        Boston, MA  02109
        (617) 720-2626

Dated:  May 14, 2004