UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THE GENERAL CONVENTION OF THE NEW JERUSALEM IN THE UNITED STATES OF AMERICA, INC., THE MASSACHUSETTS ASSOCIATION OF THE NEW JERUSALEM (SWEDENBORGIAN) and GEORGE CHAPIN,<br><br>        Plaintiffs,<br><br>v.<br><br>EDWARD MACKENZIE, THOMAS KENNEDY, BOSTON SOCIETY OF THE NEW JERUSALEM, INCORPORATED (SWEDENBORGIAN) and BOSTONVIEW CORPORATION,<br><br>        Defendants. | CIVIL ACTION<br>NO. 04-10419-WGY |

## DEFENDANT THOMAS KENNEDY'S ANSWER TO COMPLAINT

Defendant Thomas Kennedy ("Kennedy"), by his attorneys, answers the allegations in the Complaint as follows:

1. Denied.

2. Denied, except that Kennedy admits that MacKenzie officially joined the Church in or about November 2002.

3. Denied, except that Kennedy admits that MacKenzie was elected Treasurer.

4. Denied.

5. Denied.

6. Denied.

7. This paragraph sets forth only argument and legal conclusions which do not require an answer. To the extent that an answer is required, denied.

8. The Church's by-laws speak for themselves and, therefore, no answer is required. To the extent an answer is required, denied.

9. Kennedy admits that the principles of Emanuel Swedenborg include acting for the benefit of others. Kennedy lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in the paragraph.

10. Kennedy lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

11. Kennedy admits that George Chapin is a member of the Boston Society of The New Jerusalem, Inc. (Swedenborgian). Kennedy lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in this paragraph.

12. Kennedy admits that MacKenzie is an individual. Kennedy denies the remaining allegations of this paragraph.

13. Kennedy admits that he is an individual. Kennedy denies the remaining allegations of this paragraph.

14. Admitted, except that the Church has not changed its name and is not now named "Church of the Hill."

15. Kennedy admits that Bostonview is a corporation which is located at, and owns the building located at, 140 Bowdoin Street, Boston, Massachusetts, which building contains the Church, Church offices and residential apartments, and that the Church is the sole owner of Bostonview. Kennedy denies the remaining allegations of this paragraph.

16. Kennedy states that this paragraphs sets forth only argument and legal conclusions to which no answer is required. Otherwise, denied.

17. Kennedy states that this paragraph sets forth only argument and legal conclusions to which no answer is required. Otherwise, denied.

18. Kennedy admits that the Church was first organized in 1818 by local residents. Kennedy denies the remaining allegations of this paragraph.

19. This paragraph contains alleged statements of religious principle and doctrine to which no answer is required. To the extent that an answer is required, Kennedy admits that the members shall subscribe to a statement of faith contained in Article III, section 1 of the Church's by-laws.

20. Kennedy lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the paragraph.

21. Kennedy admits that some members attend chapel services and that the Church is engaged in various charitable activities, including activities designed to assist members. Kennedy denies the remaining allegations of this paragraph.

22. The Church currently receives the services of a pastor and assistant pastor, who conduct the religious services and handle various administrative tasks of the Church. Kennedy lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

23. Admitted.

24. Kennedy admits that the Church has a Board of Trustees, the members of the Church elect the Trustees, and the Trustees have certain responsibilities as described in the Church's by-laws. Kennedy denies the remaining allegations of this paragraph.

25. Kennedy admits that the Church has a Church Council which has a role in the decision as to whether to admit new members to the Church. Kennedy denies the remaining allegations of this paragraph.

26. Kennedy admits that, in or about 1982, Reverend Ellis became pastor the Church. Kennedy lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

27. Kennedy admits that as pastor Reverend Ellis guided the Church in its religious activities. In that capacity, he was involved in various religious, charitable and administrative activities. Kennedy lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

28. Kennedy denies that Reverend Ellis suffers any mental illness or mental instability that prevents him from performing effectively his duties as pastor of the Church. Kennedy otherwise lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

29. Kennedy denies that Reverend Ellis suffers any mental illness or mental instability that prevents him from performing effectively his duties as pastor of the Church. Kennedy otherwise lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

30. Denied. Further answering, Kennedy officially joined the Church in or about January 2002.

31. Denied.

32. Denied.

33. Kennedy denies the first sentence of this paragraph. Kennedy admits that the members of the Church voted to leave the Association in 2003. Kennedy lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the paragraph.

34. Kennedy admits that the Union owned property located at 79 Newbury Street and the Blairhaven Retreat and Conference Center in South Duxbury, Massachusetts. Kennedy lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

35. Kennedy lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

36. Kennedy admits that he was elected President of the Union and Reverend Ellis, then President of the Association, supported his election. Kennedy denies the remaining allegations in the paragraph.

37. Denied.

38. Kennedy states that exhibit A appears to be telephone records for the property at 79 Newbury Street, which records speak for themselves. Kennedy denies the remaining allegations of this paragraph.

39. Kennedy admits that, after obtaining authorization, he sought to open a new account on behalf of the Union and to transfer funds from Mellon to Wachovia. Kennedy also admits that exhibit B appears to be correspondence from Mellon to Wachovia, which correspondence speaks for itself. Kennedy denies the remaining allegations in this paragraph.

40. Kennedy admits that the transfer did not occur. Kennedy denies the remaining allegations in this paragraph.

41. Kennedy admits that there was a meeting in September 2002; Alfred Nugent was present at the meeting; the purpose of the meeting was to present information obtained as a result of an audit of the Union books and records; the information showed that Rafael Guiu, the then General Secretary and Treasurer of the Union, had repeatedly misappropriated funds from the Union and had managed the Union's finances in a wrongful and grossly irresponsible manner; and that as a result of the information presented, the Union's Board of Directors removed Guiu from his positions as General Secretary and Treasurer. Kennedy otherwise denies the allegations in this paragraph.

42. Kennedy lacks sufficient knowledge or information to form a belief as to the truth of the allegations about Mr. Nugent's payment. Kennedy denies the remaining allegations in this paragraph.

43. Kennedy admits that MacKenzie provided some assistance to him. Kennedy denies the remaining allegations of this paragraph.

44. Kennedy admits that, after obtaining authorization, he established an office at the Union facility at 79 Newbury Street. Kennedy denies the remaining allegations in this paragraph.

45. Kennedy admits that his son provided services in connection with the renovation of the Union and he was paid for those services. Kennedy denies the remaining allegations of this paragraph.

46. Kennedy admits that, after obtaining authorization, he purchased some equipment and office furniture for the office at the Union. Kennedy lacks sufficient

knowledge or information to form a belief as to the truth of the allegation that Union funds were used to make these purchases. Kennedy denies the remaining allegations of this paragraph.

47. Kennedy admits that, after obtaining authorization, he purchased some equipment and office furniture for the office at the Union. Kennedy lacks sufficient knowledge or information to form a belief as to the truth of the allegation that Union funds were used to make these purchases. Kennedy denies the remaining allegations of this paragraph.

48. Kennedy admits that he resigned his position as President of the Union in or about December 2002, and that a Union meeting was scheduled for January 5, 2003 to elect officers and directors of the Union. Kennedy denies that he resigned to avoid disclosure of alleged wrongful activities. Kennedy lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

49. Kennedy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

50. Denied.

51. Denied.

52. Kennedy admits that MacKenzie met Reverend Ellis. Kennedy denies the remaining allegations of this paragraph.

53. Kennedy admits that MacKenzie became an official member of the Church in or about November 2002. Kennedy lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations. With respect to plaintiffs'

characterizations of the Church's by-laws (a prior version of which are attached at Exhibit C to the Complaint), Kennedy states that the by-laws speak for themselves.

54. Kennedy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

55. Kennedy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

56. Kennedy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

57. Kennedy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

58. Kennedy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

59. Kennedy denies that MacKenzie took actions to obtain control of Rev. Ellis. Kennedy lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

60. Kennedy admits that, after joining the Church, MacKenzie committed much of his time to improving the Church and assisting the Church, including Reverend Ellis. Kennedy denies the remaining allegations in this paragraph.

61. Denied.

62. Kennedy admits that MacKenzie received assistance from the Church in paying for the secondary school tuition of one of his children, as other members had received similar tuition assistance for their relatives. Kennedy denies the remaining allegations of this paragraph.

63. Denied.

64. Kennedy states that the voting procedures of the Church are set forth in the Church's by-laws which speak for themselves. Therefore, no answer is required. To the extent that an answer is required, Kennedy denies the allegations.

65. Denied.

66. Denied.

67. Kennedy admits that some individuals were admitted as new members of the Church during votes in or about February and May, 2003. Kennedy denies the remaining allegations in this paragraph. With respect to the agendas attached as Exhibit F and G to the Complaint, the agendas speak for themselves and, therefore, no answer is required. To the extent that an answer is required, Kennedy denies the allegations.

68. Kennedy admits that Reverend Ellis supported the admission of these new members to the Church. Kennedy otherwise denies the remaining allegations in this paragraph.

69. Kennedy denies the allegations in this paragraph. To the extent that the allegations characterize the Church's by-laws, Kennedy states that the by-laws speak for themselves and, therefore, no answer is required. To the extent that an answer is required, Kennedy denies the allegations.

70. Kennedy states that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in the Complaint.

71. Kennedy states that the process of confirmation is set forth in the Church's by-laws, which speak for themselves. Therefore, no answer is required. To the extent that an answer is required, Kennedy denies the allegations.

72. Kennedy states that the process of confirmation is set forth in the Church's by-laws, which speak for themselves. Therefore, no answer is required. To the extent that an answer is required, Kennedy denies the allegations.

73. Kennedy denies the allegations in the first sentence of this paragraph. Kennedy lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of this paragraph

74. Denied.

75. Kennedy admits that John Perry was replaced as Trustee by long-time member Thelma Hawkins by a substantial majority vote of the members. Further answering, Bob Buchanan resigned and did not even attend the meeting at which new officers and trustees were elected. Kennedy denies the remaining allegations of this paragraph.

76. Denied.

77. Kennedy admits that he and MacKenzie were present during various votes. Kennedy denies the remaining allegations in this paragraph.

78. Denied.

79. Kennedy admits that he and MacKenzie and others (including long-time members of the Church) were elected as Trustees replacing various existing members as Trustees. Kennedy denies the remaining allegations of this paragraph.

80. Kennedy admits that MacKenzie was elected as Treasurer replacing Joan Buchanan. Kennedy denies the remaining allegations of this paragraph.

81. Denied.

82. Denied.

83. Kennedy admits that MacKenzie became Treasurer effective September 1, 2003. Kennedy admits that he received a check from the Church as payment for services he had rendered and that he sought to cash the check at Mellon. Kennedy denies the remaining allegations of this paragraph.

84. Kennedy admits that Mellon sought additional information as to the identities of Church members authorized to cash checks, as set forth in the letter from Mellon attached as Exhibit H to the Complaint. That letter speaks for itself and, therefore, no further answer is required. Kennedy further admits that he and MacKenzie were compensated for services they had rendered. Kennedy denies the remaining allegations of this paragraph.

85. Kennedy admits that on September 21, 2003, a special members meeting was conducted at the Church and Bobby and Joan Buchanan were removed as members of the Church. Notice of the meeting is attached as Exhibit I to the Complaint. That document speaks for itself and, therefore, no further answer is required. Kennedy denies the remaining allegations of this paragraph.

86. Kennedy admits that MacKenzie moved to ratify the action of the Trustees to remove Joan and Bobby Buchanan. Kennedy denies the remaining allegations of this paragraph.

87. Kennedy admits that, on September 21, 2003, the members voted to remove Bobby and Joan Buchanan as members of the Church. Kennedy denies the remaining allegations of this paragraph.

88. Kennedy admits at the September 21, 2003 meeting, he and MacKenzie were elected as directors as Bostonview. Kennedy denies the remaining allegations of this paragraph.

89. Kennedy admits that a letter from Edwards & Angell LLP concerning this election vote is attached as Exhibit J to the Complaint. The letter speaks for itself and, therefore, no further answer is required. The second sentence of the paragraph sets forth only argument and legal conclusions as a result of which no answer is required. To the extent that an answer is required, Kennedy denies the allegations in this paragraph.

90. Denied.

91. Kennedy lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

92. Kennedy admits that Rev. Ellis was interviewed and that he invited members of the Church to attend. Kennedy lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

93. Denied.

94. Kennedy lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

95. Denied.

96. The document attached as Exhibit L to the Complaint speaks for itself and, therefore, no answer is required. To the extent an answer is required, Kennedy denies the allegations. Kennedy lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

97. The document attached as Exhibit M to the Complaint speaks for itself and, therefore, no answer is required. To the extent an answer is required, Kennedy denies the allegations in this paragraph.

98. The document attached as Exhibit N to the Complaint speaks for itself and, therefore, no answer is required. To the extent an answer is required, Kennedy denies the allegations in this paragraph.

99. Denied.

100. Denied.

101. Denied.

102. Kennedy admits that the members of the Church voted to withdraw from the General Convention in 2003. Kennedy lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph.

103. The documents attached as Exhibits O and P to the Complaint speak for themselves and, therefore, no answer is required. To the extent an answer is required, Kennedy denies the allegations in this paragraph.

104. Denied.

105. Kennedy admits that the Church's by-laws effective as of the time of the Church's disaffiliation from the Denomination are attached as Exhibit C to the Complaint. These by-laws speak for themselves and no answer is required. To the extent that an answer is required, Kennedy denies the allegations in this paragraph.

106. The allegations in this paragraph set forth only argument and legal conclusions as a result to which no answer is required. To the extent an answer is required, the allegations are denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Kennedy repeats and incorporates his prior responses.

112 – 120. Kennedy states that these paragraphs set forth only argument and legal conclusions as a result of which no answer is required. To the extent that an answer is required, Kennedy denies the allegations in these paragraphs.

121. Kennedy repeats and incorporates his prior responses.

122 – 130. Kennedy states that these paragraphs set forth only argument and legal conclusions as a result of which no answer is required. To the extent that an answer is required, Kennedy denies the allegations in these paragraphs.

131. Kennedy repeats and incorporates his prior responses.

132 -140. Kennedy states that these paragraphs set forth only argument and legal conclusions as a result of which no answer is required. To the extent that an answer is required, Kennedy denies the allegations in these paragraphs.

141 – 146. Since this count is asserted against the Church and Bostonview, no response is required by Kennedy.

147 – 153. Since this count is asserted against the Church and Bostonview, no response is required by Kennedy.

154. Kennedy repeats and incorporates his prior responses.

155 – 161.  Kennedy states that these paragraphs set forth only argument and legal conclusions as a result of which no answer is required.  To the extent that an answer is required, Kennedy denies the allegations in these paragraphs.

162.    Kennedy repeats and incorporates his prior responses.

163 – 169.  Kennedy states that these paragraphs set forth only argument and legal conclusions as a result of which no answer is required.  To the extent that an answer is required, Kennedy denies the allegations in these paragraphs.

170.    Kennedy repeats and incorporates their prior responses.

171 – 178.  Kennedy states that these paragraphs set forth only argument and legal conclusions as a result of which no answer is required.  To the extent that an answer is required, Kennedy denies the allegations in these paragraphs.

179.    Kennedy repeats and incorporates his prior responses.

180-186.  Kennedy states that these paragraphs set forth only argument and legal conclusions as a result of which no answer is required.  To the extent that an answer is required, Kennedy denies the allegations in these paragraphs.

## SECOND DEFENSE

The Complaint, and each count thereof, failed to state a claim upon which relief can be granted and must be dismissed.

## THIRD DEFENSE

The Court lacks subject matter jurisdiction.

## FOURTH DEFENSE

The Court should not exercise supplemental jurisdiction.

## FIFTH DEFENSE

Under the doctrine of abstention, the Court should not exercise jurisdiction over the plaintiffs' claims.

### SIXTH DEFENSE

Plaintiffs have not and cannot articulate necessary elements of a claim under 18 U.S.C. § 1962.

### SEVENTH DEFENSE

Plaintiff George Chapin has no standing to bring this action because he alleges no individualized harm or interest in the matter in dispute.

### EIGHTH DEFENSE

Plaintiff General Convention has no standing to bring this action because the condition precedent to its claim, namely, the dissolution of the Church, has not occurred.

### NINTH DEFENSE

The Church has not ceased to exist, but rather continues to function as an active Swedenborgian church.

### TENTH DEFENSE

The First Amendment precludes the Court from exercising jurisdiction over plaintiffs' claims, which concern questions of religious faith, religious doctrine, church administration and organization, and the admission of individuals to membership in the Church.

### JURY DEMAND

DEFENDANTS DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE.

Respectfully submitted,

THOMAS KENNEDY,
By his attorneys,

/s/ Nicholas B. Carter
Howard M. Cooper (BBO #543842)
Nicholas B. Carter (BBO #561147)
TODD & WELD LLP
28 State Street, 31st Floor
Boston, MA  02109
(617) 720-2626

Dated:  May 14, 2004