UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE GENERAL CONVENTION OF THE NEW JERUSALEM IN THE UNITED STATES OF AMERICA, INC., THE MASSACHUSETTS ASSOCIATION OF THE NEW JERUSALEM (SWEDENBORGIAN), and GEORGE CHAPIN,<br>            Plaintiffs,<br><br>v.<br><br>EDWARD MACKENZIE, THOMAS KENNEDY, BOSTON SOCIETY OF THE NEW JERUSALEM, INCORPORATED (SWEDENBORGIAN), and BOSTONVIEW CORPORATION<br>            Defendants. | C.A. No. 04-10419-WGY |

## ANSWER OF DEFENDANTS BOSTON SOCIETY OF THE NEW JERUSALEM, INC. AND BOSTONVIEW CORPORATION

Defendants Boston Society of the New Jerusalem, Inc. ("Church") and Bostonview Corporation ("Bostonview"), by their attorneys, for their answer to the Complaint herein:

1.      State that the Church and Bostonview are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint pertaining to prior acts of Edward MacKenzie and Thomas Kennedy, and state that the other allegations contained in paragraph 1 of the Complaint are conclusions of law to which no response is required.

2.      Deny each and every allegation contained in paragraph 2 of the Complaint, except admit that MacKenzie became a member of the Church in November 2002.

3. Deny each and every allegation contained in paragraph 3 of the Complaint, except admit that MacKenzie became elected Treasurer.

4. State that the allegations contained in paragraph 4 of the Complaint are conclusions of law to which no response is required; to the extent that a response may be deemed to be required, deny the allegation contained in paragraph 4 of the Complaint.

5. State that the allegations contained in paragraph 5 of the Complaint are conclusions of law to which no response is required; to the extent that a response may be required, deny the allegations contained in paragraph 5 of the Complaint.

6. Deny each and every allegation contained in paragraph 6 of the Complaint.

7. State that the allegations contained in paragraph 7 of the Complaint are conclusions of law to which no response is required; to the extent that a response may be deemed to be required, deny the allegations contained in paragraph 7 of the Complaint.

8. Deny each and every allegation contained in paragraph 8 of the Complaint.

## THE PARTIES

9. Deny each and every allegation contained in paragraph 9 of the Complaint, except admit that Swedenborgian principles include acting for the benefit of others, and that the General Convention of the New Jerusalem in the United States of America, Inc. ("General Convention") has an office located in Newtonville, Massachusetts.

10. State that the Church and Bostonview are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. Admit the allegations contained in the first sentence of paragraph 11 of the Complaint, and state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 11 of the Complaint.

12. State that the Church and Bostonview are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint; except admit that MacKenzie is an individual.

13. State that the Church and Bostonview are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint; except admit that Kennedy is an individual.

14. Admit the allegations contained in paragraph 14 of the Complaint, except deny that Defendant Church is now named Church of the Hill.

15. Deny each and every allegation contained in paragraph 15 of the Complaint, except admit that Bostonview is a corporation which is located at, and owns the building located at, 140 Bowdoin Street, Boston, Massachusetts, which building contains the Church, Church offices and residential apartments, and that the Church is the sole owner of Bostonview.

**JURISDICTION AND VENUE**

16. State that the allegations contained in paragraph 16 of the Complaint are conclusions of law to which no response is required; to the extent that a response may be deemed to be required, deny the allegation contained in paragraph 16 of the Complaint.

17. State that the allegations contained in paragraph 17 of the Complaint are conclusions of law to which no response is required.

## THE ALLEGATIONS

18. Deny each and every allegation contained in paragraph 18 of the Complaint, except admit that the Church was established in approximately 1818.

19. State that the allegations contained in paragraph 19 of the Complaint are conclusions of theology and doctrine to which no response is required, except admit that Church members shall subscribe to a statement of faith contained in Article III, section 1 of the Church's Amended and Restated By laws.

20. State that the Church and Bostonview are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21. Admit the allegations contained in paragraph 21 of the Complaint.

22. Deny each and every allegations contained in paragraph 22 of the Complaint, except admit that the Church has received the services of several Pastors.

23. Admit the allegations contained in paragraph 23 of the Complaint.

24. Deny each and every allegation contained in paragraph 24 of the Complaint, except admit that the Trustees have certain responsibilities as described in the Church's By laws.

25. Deny each and every allegation contained in paragraph 25 of the Complaint, except admit that the Church has a Church Council whose members include the Pastor, the President, the Vice President, Secretary, Treasurer, Chair of the Board of Trustees and several at-large members.

26. Admit the allegations contained in paragraph 26 of the Complaint.

27. Admit the allegations contained in paragraph 27 of the Complaint.

28. Deny that Reverend Ellis suffers as a manic depressive or suffers any mental illness or mental instability that prevents him from performing his duties as pastor of the Church. Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

29. Deny each and every allegation contained in paragraph 29 of the Complaint.

30. Deny each and every allegation contained in paragraph 30 of the Complaint. And further answering, state that Thomas Kennedy became a member of the Church in January 2002.

31. State that the Church and Bostonview are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

32. State that the Church and Bostonview are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

33. State that the Church and Bostonview are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint, except admit that the Church withdrew from the Association in 2003.

34. State that the Church and Bostonview are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint.

35. State that the Church and Bostonview are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

BOS_445135_1/NROSENBERG

36. State that the Church and Bostonview are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint pertaining to Kennedy's state of mind, except admit that the membership of the Association elected Kennedy as President.

37. State that the Church and Bostonview are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

38. State that the Church and Bostonview are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

39. State that the Church and Bostonview are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

40. State that the Church and Bostonview are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint.

41. State that the Church and Bostonview are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint.

42. State that the Church and Bostonview are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint.

43. State that the Church and Bostonview are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint.

44. State that the Church and Bostonview are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint.

45. State that the Church and Bostonview are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint.

46. State that the Church and Bostonview are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint.

47. State that the Church and Bostonview are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint.

48. State that the Church and Bostonview are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint.

49. Deny each and every allegation contained in paragraph 49 of the Complaint.

50. Deny each and every allegation contained in paragraph 50 of the Complaint.

51. State that the Church and Bostonview are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint.

52. Deny each and every allegation contained in paragraph 52 of the Complaint.

53. Deny each and every allegation contained in paragraph 53 of the Complaint, except admit that MacKenzie became a member of the Church in November 2002, and state that the Church and Bostonview are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding MacKenzie's book promotions.

54. State that the Church and Bostonview are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint.

55. State that the Church and Bostonview are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55.

56. State that the Church and Bostonview are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56.

57. State that the Church and Bostonview are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57.

58. State that the Church and Bostonview are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58.

59. Deny each and every allegation contained in paragraph 59 of the Complaint.

60. Deny each and every allegation contained in paragraph 60 of the Complaint, except admit that MacKenzie provided assistance to the Church and Reverend Ellis.

61. Deny each and every allegation contained in paragraph 61 of the Complaint.

62. Deny each and every allegation contained in paragraph 62 of the Complaint, except admit that the Church has made tuition payments on behalf of members' children, including MacKenzie's daughter.

63. Deny each and every allegation contained in paragraph 63 of the Complaint.

64. Deny each and every allegation contained in paragraph 64 of the Complaint, except admit that election of Trustees by the membership is by majority vote.

65. Deny each and every allegation contained in paragraph 65 of the Complaint.

66. Deny each and every allegation contained in paragraph 66 of the Complaint.

67. Deny each and every allegation contained in paragraph 67 of the Complaint, except admit that new members were admitted to the Church in or about February and May 2003.

68. Deny each and every allegation contained in paragraph 68 of the Complaint.

69. Deny each and every allegation contained in paragraph 69 of the Complaint.

70. State that the Church and Bostonview are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70.

71. State that the allegations contained in paragraph 71 of the Complaint are incomplete, and state that the by-laws speak for themselves.

72. Deny each and every allegation contained in paragraph 72 of the Complaint.

73. Deny each and every allegation contained in paragraph 73 of the Complaint.

74. Deny each and every allegation contained in paragraph 74 of the Complaint.

75. Deny each and every allegation contained in paragraph 75 of the Complaint.

76. Deny each and every allegation contained in paragraph 76 of the Complaint.

77. Deny each and every allegation contained in paragraph 77 of the Complaint.

78. Deny each and every allegation contained in paragraph 78 of the Complaint.

BOS_445135_1/NROSENBERG

79. Deny each and every allegation contained in paragraph 79 of the Complaint, except admit that MacKenzie and Kennedy were elected as Trustees or Officers by the membership.

80. Deny each and every allegation contained in paragraph 80 of the Complaint, except admit that the membership voted in favor of electing MacKenzie.

81. Deny each and every allegation contained in paragraph 81 of the Complaint.

82. Deny each and every allegation contained in paragraph 82 of the Complaint.

83. State that the Church and Bostonview are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Complaint.

84. Deny each and every allegation contained in paragraph 84 of the Complaint, except admit that the letter attached as Complaint Exhibit H was sent by the Bank. The letter speaks for itself.

85. Deny each and every allegation contained in paragraph 85 of the Complaint, except admit that a member meeting for September 21, 2003 was called by the Church Council, the notice of which is attached as Complaint Exhibit I.

86. Deny each and every allegation contained in paragraph 86 of the Complaint, except admit that MacKenzie made a motion that the membership ratify the action of the Trustees to remove Joan and Bobby Buchanan from membership in the Church.

87. Deny each and every allegation contained in paragraph 87, except admit that the motion to remove the Buchanans was seconded and approved by the membership of the Church.

88. Deny each and every allegation contained in paragraph 88 of the Complaint.

89. State that the allegations contained in paragraph 89 of the Complaint are conclusions of law to which no response is required, except admit that Edwards & Angell, LLP did send the letter which is attached as Complaint Exhibit J to notify Winn Management of the change in directors of Bostonview.

90. Deny each and every allegation contained in paragraph 90 of the Complaint.

91. State that the Church and Bostonview are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91.

92. State that the Church and Bostonview are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92, except admit that Reverend Ellis was invited for an interview and that he invited members of the Church to attend.

93. Deny each and every allegation contained in paragraph 93 of the Complaint.

94. State that the Church and Bostonview are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 pertaining to the Committee of Inquiry's procedures, and deny the other allegations contained in paragraph 94 of the Complaint.

95. Deny each and every allegation contained in paragraph 95 of the Complaint.

96. State that the Church and Bostonview are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of the Complaint.

97. Deny each and every allegation contained in paragraph 97 of the Complaint.

98.  Deny each and every allegation contained in paragraph 98 of the Complaint, except admit that Edwards & Angell, LLP did send a letter which is attached as Complaint Exhibit N.

99.  State that the allegations contained in paragraph 99 of the Complaint are conclusions of law to which no response is required; to the extent that a response may be deemed to be required, deny each and every allegation contained in paragraph 99 of the Complaint.

100.  Deny each and every allegation contained in paragraph 100 of the Complaint.

101.  Deny each and every allegation contained in paragraph 101 of the Complaint.

102.  State that the Church and Bostonview are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 pertaining to the Church's historical affiliation with the General Convention, expect admit that in 2003 the Membership did vote in favor of withdrawing from the General Convention.

103.  State that the allegations contained in paragraph 103 of the Complaint are conclusions of law to which no response is require; to the extent that a response may be deemed to be required, deny each and every allegation contained in paragraph 103 of the Complaint.

104.  Deny each and every allegation contained in paragraph 104 of the Complaint.

105.  State that the allegations contained in paragraph 105 of the Complaint are an incomplete statement of what is contained in the by-laws, and refer to the entire by-laws, which speaks for itself.

106.  State that the allegations contained in paragraph 106 of the Complaint are conclusions of law to which no response is required; to the extent that a response may be deemed to be required, deny each and every allegation contained in paragraph 106 of the Complaint.

107.  Deny each and every allegation contained in paragraph 107 of the Complaint.

108. Deny each and every allegation contained in paragraph 108 of the Complaint.

109. Deny each and every allegation contained in paragraph 109 of the Complaint.

110. Deny each and every allegation contained in paragraph 110 of the Complaint.

## COUNT I

111. to 120.    Since this count is asserted against MacKenzie and Kennedy, no response is required by the Church and Bostonview.

## COUNT II

121. to 130.    Since this count is asserted against MacKenzie and Kennedy, no response is required by the Church and Bostonview.

## COUNT III

131. to 140.    Since this count is asserted against MacKenzie and Kennedy, no response is required by the Church and Bostonview.

## COUNT IV

141. The Church and Bostonview restate their responses to the allegations contained in paragraphs 1 through 140 as if fully set forth herein.

142. Admit the allegations contained in paragraph 142 of the Complaint.

143. Admit that the membership voted to ratify the Church's withdrawal from the General Convention.

144. Deny each and every allegation contained in paragraph 144 of the Complaint.

145. Deny each and every allegation contained in paragraph 145 of the Complaint.

146. State that paragraph 146 states a conclusion of law to which require a response is not required.

## COUNT V

147. The Church and Bostonview restate their responses to the allegations contained in paragraphs 1 through 146 as if fully set forth herein.

148. Admit the allegations contained in paragraph 148 of the Complaint.

149. Deny each and every allegation contained in paragraph 149 of the Complaint.

150. Deny each and every allegation contained in paragraph 150 of the Complaint.

151. Deny each and every allegation contained in paragraph 151 of the Complaint.

152. Deny each and every allegation contained in paragraph 152 of the Complaint.

153. State that paragraph 153 states a conclusion of law to which a response is not required.

## COUNT VI

154. to 161. Since this count is asserted against MacKenzie and Kennedy, no response is required by the Church and Bostonview.

## COUNT VII

162. to 169. Since this count is asserted against MacKenzie and Kennedy, no response is required by the Church and Bostonview.

## COUNT VIII

170. to 178. Since this count is made against MacKenzie and Kennedy, no response is required by the Church and Bostonview.

## COUNT IX

179. to 186. Since this count is asserted against MacKenzie and Kennedy, no response is required by the Church and Bostonview.

## FIRST AFFIRMATIVE DEFENSE

The Complaint, and each count thereof, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over the claims against the Church and Bostonview.

## THIRD AFFIRMATIVE DEFENSE

The Court should not exercise supplemental jurisdiction over the claims against the Church and Bostonview.

## FOURTH AFFIRMATIVE DEFENSE

The Court does not have subject matter jurisdiction over the disposition of the assets of a charitable corporation upon dissolution.

## FIFTH AFFIRMATIVE DEFENSE

Under the abstention doctrine, the Court should not exercise subject matter jurisdiction over the claims against the Church and Bostonview.

## SIXTH AFFIRMATIVE DEFENSE

The plaintiff George Chapin has no standing to bring this action because he alleges no individualized harm or interest in the matter in dispute.

## SEVENTH AFFIRMATIVE DEFENSE

The plaintiff General Convention has no standing to bring this action because the condition precedent to its claim, namely, the dissolution of the Church, has not occurred.

**EIGHTH AFFIRMATIVE DEFENSE**

The Church has not ceased to exist, but rather continues to function as an active Swedenborgian church.

**NINTH AFFIRMATIVE DEFENSE**

The First Amendment precludes the Court from reviewing church practices with respect to the admission of individuals to membership in a church.

**JURY DEMAND**

DEFENDANTS DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE.

Respectfully submitted,

BOSTON SOCIETY OF THE NEW JERUSALEM, INC. and BOSTONVIEW CORPORATION,
    Defendants

By their attorneys,

/s/ Brian H. Lamkin
Richard J. McCarthy (BBO No. 328600)
Brian H. Lamkin (BBO No. 635688)
Nicholas J. Rosenberg (BBO No. 657887)
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, MA  02110
Telephone: (617) 439-4444
Fax:  (617) 439-4170

Dated:  May 14, 2004