UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE GENERAL CONVENTION OF THE NEW JERUSALEM IN THE UNITED STATES OF AMERICA, INC., THE MASSACHUSETTS ASSOCIATION OF THE NEW JERUSALEM (SWEDENBORGIAN), and GEORGE CHAPIN,<br><br>Plaintiffs,<br><br>v.<br><br>EDWARD MACKENZIE, THOMAS KENNEDY, BOSTON SOCIETY OF THE NEW JERUSALEM, INCORPORATED (SWEDENBORGIAN), and BOSTONVIEW CORPORATION,<br><br>Defendants. | C.A. No. 04 10419 WGY |

**PLAINTIFFS' OPPOSITION TO EDWARD MACKENZIE'S
MOTION TO STRIKE ALLEGATIONS IN COMPLAINT**

Plaintiffs, The General Convention of the New Jerusalem in the United States of America, Inc. (the "Denomination"), The Massachusetts Association of the New Jerusalem (Swedenborgian) (the "Association"), and George Chapin, hereby oppose Edward MacKenzie's Motion to Strike Allegations concerning his conviction for cocaine trafficking and other of his dishonest and fraudulent acts.

Mr. MacKenzie has engaged in criminal and dishonest behavior. He allegedly defrauded an elderly woman out of thousands of dollars and a diamond ring by falsely claiming that he had searched for and located her missing son. See Ex. A. He has also admitted to fraudulently acquiring workers' compensation payments. See Ex. A. His conviction for drug trafficking also evidences deceit because he attempted to sell drugs without detection by law enforcement.

Mr. MacKenzie has now perpetrated fraud as to the Boston Society of the New Jerusalem, Inc. (Swedenborgian) (the "Church") and Bostonview in a manner that is entirely

consistent with his prior actions. Accordingly, his prior actions are probative. Moreover, allowing the motion would also wrongly rule on evidentiary issues before trial. Thus, there is no reason to strike the allegations concerning those actions.[1]

## FACTS

Edward MacKenzie is a con man. He is also a convicted cocaine trafficker and former "street soldier" for Whitey Bulger. Using his criminal talents, he has taken control of the Church. He has arranged for the admission of friends and family members only to control church members' votes which are necessary to effectuate certain Church actions. Through this control he has placed himself and others in positions of authority in the Church and at Bostonview, the wholly owned Church entity which possess an apartment house worth more than $30 million. Amended Compl., ¶¶ 63-74.

Mr. MacKenzie now acts as the Church's "Director of Operations," a position which did not previously exist. He is also a trustee and acts as a director of Bostonview. He previously served as the Church's treasurer. See Amended Compl., ¶ 80. He resigned from that position but has arranged for the appointment of his friend and new Church member, John Burke, to fill that role. Mr. Burke had previously tried to open a strip club. See Ex. A. He had also worked for an entity which operated pornographic clubs throughout the United States.

In the above positions, Edward MacKenzie has repeatedly misappropriated Church and Bostonview funds on behalf of himself, his cohort, Thomas Kennedy, and others. Examples of such conduct by Edward MacKenzie include, without limitation:

---

[1] Mr. MacKenzie has published a book "Street Soldier, My Life As An Enforcer for Whitey Bulger." In the book, he essentially boasts about his dishonest and criminal behavior. He has also stated in a videotape that his mindset as to engaging in this behavior has not changed and that he feels no remorse for his actions. If the Court wishes to receive the tape, the plaintiffs can provide a copy.

1.  The transfer of $850,000 in Church funds to a bank account in the name of Harborview Real Estate Corporation ("Harborview") as a "corporate loan." See Ex. A. Edward MacKenzie is a founder of Harborview. See Ex. A.

2.  Authorizing a $350,000 loan to Thomas Kennedy. See Ex. A.[2]

3.  Misappropriating funds from the Massachusetts New Church Union. Amended Compl., ¶¶ 43, 46 & 47.

4.  Misappropriating money from the Church. Amended Compl., ¶¶ 60-63.

5.  Using Church resources to operate unrelated businesses. Amended Compl., ¶¶ 107-08.

The simple question in this case is why did Edward MacKenzie, an admitted mobster, choose to be affiliated with the Church, which may be the wealthiest per capita in Massachusetts. See Ex. A. The answer is obvious. He did so only to misappropriate Church funds. His prior criminal and dishonest actions are probative as to such actions.

## ARGUMENT

I.  **Mackenzie Has Failed To Satisfy The Standard For A Motion To Strike Under Rule 12(f).**

Motions to strike under Rule 12(f) of the Federal Rules of Civil Procedure are disfavored. Boreri v. Theot S.p.A., 763 F.2d 17, 23 (1st Cir. 1985) ("Such motions are narrow in scope, disfavored in practice, and not calculated readily to evoke the court's discretion."); FDIC v. Gladstone, 44 F. Supp.2d 81, 84-85 (D. Mass. 1999) (Motions to strike are generally disfavored). Furthermore, courts routinely deny such motions because "striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory tactic." Morell

---

[2] The Court's Confidentiality Order precludes the plaintiffs from filing of any "confidential documents." The plaintiffs would like to submit (or at least discuss) several such documents addressing Mr. MacKenzie's actions at the hearing.

# 1943735_v1                    3

v. U.S., 185 F.R.D. 116, 117 (D. Puerto Rico 1999). Accordingly, "matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation." 2A J. Moore and J. Lucas, *Moore's Federal Practice* ¶ 12.21 [2] (1989).

Here, the material contained in paragraphs 54 through 58 of the complaint has a clear bearing on Mr. MacKenzie's credibility, which is central to the plaintiffs' claims including fraud and civil RICO. Moreover, the overwhelming third-party documentation supplied by the plaintiffs makes it unquestionable that the allegations are true. In fact, as mentioned above, Mr. MacKenzie's criminal history is no secret. He has profited from it by writing a book touting his criminal exploits. Thus, matters that Mr. MacKenzie himself has so brazenly marketed to the public can hardly be considered "scandalous" in a court pleading. Accordingly, MacKenzie's motion to strike allegations 54 through 58 should be denied.

## II.  Mackenzie Must Not Be Permitted to Use This Motion to Seek Premature Evidentiary Rules.

MacKenzie's motion to strike should be seen as nothing more than a premature and misleading attempt to obtain advanced evidentiary rulings and to limit the scope of discovery. The allegations in paragraphs 54-58 should not be stricken because evidence regarding MacKenzie's criminal past, including his conviction of cocaine trafficking, allegations of fraud on both an elderly woman and on the Workers' Compensation system, are admissible evidence under Fed. R. Evid. 608 and 609. These allegations recite specific instances of conduct that may be admitted under Rule 608(b) for a number of reasons, including that they have a bearing on MacKenzie's credibility and character for truthfulness or untruthfulness. See United States v. Mateos-Sanchez, 864 F.2d 232, 237 (1st Cir. 1988) (admitting evidence of defendant's prior cocaine trafficking because it bore on his credibility which was a central issue in the case);

# 1943735_v1                                              4

United States v. Rios-Ruiz, 579 F.2d 670, 672 (1st Cir. 1978) (admitting specific bad acts to show bias).

Similarly, evidence of prior convictions may be admitted under Rule 609 if the court determines "in the interest of justice that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." Fed. R. Evid. 609. Here, the crimes discussed in the complaint are crimes of dishonesty, i.e., trafficking and two different types of fraud, and thus, are extremely probative of MacKenzie's intentions with the Church, especially with respect to the plaintiffs' civil RICO and fraud claims. See Robinson v. Watts Detective Agency, Inc., 685 F.2d 729, 739 (1st Cir. 1982) (upholding admission of evidence of a fraud conviction); United States v. Kiendra, 663 F.2d 349, 352 (1st Cir. 1981) (upholding admission of evidence regarding dishonesty crimes of possession of stolen vehicles and receiving stolen goods). See also U.S. v. Jefferson, 925 F.2d 1242, 1256 (10th Cir. 1990) (conviction for aggravated robbery admitted because it was "a substantial crime" of dishonesty); U.S. v. Murray, 751 F.2d 1528, 1533 (9th Cir. 1985) (crime of receiving stolen property was highly probative of lack of veracity); U.S. v. Gilbert, 668 F.2d 94, 97 (2nd Cir. 1981) (impeachment value of fraud conviction high). MacKenzie's criminal past, which he has written and spoken extensively about and profited from is clearly relevant to his credibility and veracity and therefore is admissible into evidence. Accordingly, this Court should deny MacKenzie's motion to strike as a premature and improper request for an evidentiary ruling.

## CONCLUSION

For the reasons set forth above, Edward MacKenzie's Motion to Strike should be denied.

          THE GENERAL CONVENTION OF THE NEW JERUSALEM IN THE UNITED STATES OF AMERICA, INC., THE MASSACHUSETTS ASSOCIATION OF THE NEW JERUSALEM (SWEDENBORGIAN), and GEORGE CHAPIN

          By their attorneys,

          /s/ Damon P. Hart
          Christopher J. Trombetta (BBO No. 556923)
          Damon P. Hart (BBO No. 644586)
          HOLLAND & KNIGHT LLP
          10 St. James Avenue
          Boston, MA 02116
          (617) 523-2700

Dated: May 24, 2004

# 1943735_v1