UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE GENERAL CONVENTION OF THE NEW JERUSALEM IN THE UNITED STATES OF AMERICA, INC., THE MASSACHUSETTS ASSOCIATION OF THE NEW JERUSALEM (SWEDENBORGIAN), and GEORGE CHAPIN,<br><br>    Plaintiffs,<br><br>v.<br><br>EDWARD MACKENZIE, THOMAS KENNEDY, BOSTON SOCIETY OF THE NEW JERUSALEM, INCORPORATED (SWEDENBORGIAN), and BOSTONVIEW CORPORATION,<br><br>    Defendants. | C.A. No. 04-10419-WGY |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF GEORGE CHAPIN'S
MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS BY THE BOSTON
SOCIETY OF THE NEW JERUSALEM, INCORPORATED (SWEDENBORGIAN)
<u>AND BOSTONVIEW CORPORATION</u>**

This Memorandum is respectfully submitted by Defendant Boston Society of the New Jerusalem, Inc. ("Church") and Bostonview Corporation ("Bostonview") in Opposition to Plaintiff George Chapin's ("Chapin") Motion to Compel the Production of Documents by the Boston Society of the New Jerusalem, Incorporated (Swedenborgian) and Bostonview Corporation.

## I.    <u>INTRODUCTION</u>

Plaintiff George Chapin's ("Chapin") claims in this case are comprised of (1) those against the Church and Bostonview, and (2) those against Edward MacKenzie ("MacKenzie") and Thomas Kennedy ("Kennedy") individually. Clearing away the mantra of assertions of the

complaint regarding MacKenzie's and Kennedy's character and background, reiterated in every pleading filed by Plaintiff, including Plaintiff's Motion to Compel, the Plaintiff's basic claims regarding MacKenzie and Kennedy are that those individuals extorted or fraudulently obtained the votes of Church members in an effort to gain control of the Church, and that they thereby misappropriated Church funds for their own benefit. Complaint, ¶¶ 30 - 90.

Plaintiff's claims against the Church are twofold. First, Plaintiff claims that the Church's withdrawal from its participation in the General Convention of the New Jerusalem ("General Convention") constituted a dissolution of the Church, requiring that all of the Church's assets be transferred to the General Convention. Second, Plaintiff alleges that the Church's admission of recent new members did not comport with proper Church confirmation procedures.

Despite the limited set of issues underlying his claims, Plaintiff has made a wide-ranging request for documents that would in the aggregate require the production of substantially all of the Church's fiscal, administrative, and doctrinal records. Most of the requests at issue seek all documents back to January 1, 1999. See Requests 1 through 10, 13, 24. One request would go back to 2001 (Request 12); another would go back to 1995 (Request 11). Other requests have no time limitation whatsoever. See Requests 14 through 19, 23, 25. But even those that are limited in time call for documents years before the Plaintiff alleges that MacKenzie or Kennedy were even involved in the Church.

Defendants nonetheless agreed to produce responsive documents, generally limiting production to the time period beginning January 1, 2002, a time before which Plaintiff does not allege any wrongdoing took place, and further limiting the production of financial information to matters regarding MacKenzie and Kennedy, as only those individuals are alleged to have misappropriated funds. The parties' counsel held a Rule 7.1(A)(2) conference on the morning of

May 24, 2004, to discuss all outstanding discovery issues, and resolved or limited the issues in dispute with respect to several Requests. In particular, Defendants' counsel stated that Defendants would produce all responsive documents with respect to Request Nos. 15 and 17, but was not aware of the existence of any such documents. A further search was to be conducted. Defendants also agreed to expand their response to Request No. 23, by providing Bostonview documents concerning the disposition of Bostonview assets, and further explained that the other Requests in dispute were simply too broad and needed to be narrowed. Nonetheless, in his Motion to Compel, Plaintiff persists in seeking agreed-upon discovery, as well as pursuing the unduly broad discovery sought by other requests. The Plaintiff has effectively asked for every document in the Church's possession generated since January 2001, and all financial documents generated since January 1, 1999, and has refused to identify with any greater specificity what matters may in fact be relevant. Plaintiff's argument that certain of these documents "could (and most likely will) demonstrate wrongdoing" (Motion to Compel, at 11, 13) does not support such vague and burdensome discovery requests.

## II.   ARGUMENT

Although the relevancy of discovery is broadly construed, "[a] general allegation of relevancy is not sufficient to overcome specific objections by an adverse party." Gagne v. Reddy, 104 F.R.D. 454, 456 n.4 (D. Mass 1984) (quoting Home Ins. Co. v. Ballenger Corp., 74 F.R.D. 93, 101 (N.D. Ga. 1977)). Moreover, even if relevant, discovery

> shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient…or (iii) the discovery is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation.

Fed. R. Civ. P. 26(b)(1).  A court will ensure that a party is not "permitted to use broadswords where scalpels will suffice, nor to undertake wholly exploratory operations in the vague hope that something helpful will turn up." Mack v. Great Atlantic & Pacific Tea Co., 871 F.2d 179, 187 (1st Cir. 1989).

Plaintiff's requests are a "broadsword" in that they demand the production of documents that bear no relationship to, nor could conceivably lead to the discovery of, relevant evidence of the claims made in the complaint.  The complaint simply contains no genuine allegations to which *all* of the Church's financial, administrative, and member-related records could be relevant.  Many of the Plaintiff's requests have no temporal limitation, or unduly broad temporal limitation, including asking the Church to search for and produce responsive documents from throughout its 180 year history.  For example, the Plaintiff has requested "[a]ll memoranda or other documents which refer to, concern, or address any issues as to the Church or its members." Request for Production, Request No. 14.  Those requests that do identify a time period seek documents from years long before any of the alleged activities giving rise to this suit took place, and before MacKenzie and Kennedy were even alleged to have been involved in the Church. See Motion to Compel at 4, 9 - 14.

Aside from the burden of such a fishing expedition, allowing the discovery of all of the Church's records would invade the privacy of the Church as well as its members.  The Supreme Judicial Court has recently confirmed that the internal management of a Church is beyond the purview of the judiciary.  See Callahan v. First Congregational Church of Haverhill, 441 Mass. 699, 708 (Mass. 2004) ("we hold that congregational as well as hierarchical churches are entitled to autonomy over church disputes touching on matters of doctrine, canon law, polity, discipline, and ministerial relationships); Church and Bostonview Motion to Dismiss, at 17.  The Church's

doctrinal and parochial matters cannot be the subject of the court's adjudication, and thus should not be the subject of unbounded discovery. Id. Moreover, any fiscal or corporate acts of the Church as a public charity are within the exclusive jurisdiction of the state Attorney General, regardless of the scope or extent to which that jurisdiction is exercised, and in this case, the Attorney General *has fully* investigated issues of the Church's operational and fiscal management. See Church and Bostonview Motion to Dismiss, at 6 - 9.

The privacy of the Church's members is also at issue. The unduly broad requests propounded by the Plaintiff would require production of documents unrelated to the claims against the Church or MacKenzie and Kennedy and would include documents such as correspondence from members describing the most personal and private challenges they chose to share with their Church leaders. For these reasons, and those described with respect to particular document requests below, the court should limit the discovery in this case to those documents that are relevant to the claims made in the complaint by denying Plaintiff's Motion to Compel.

**A.    Requests 1 through 10**

In these requests, Plaintiff seeks the production of all of the Church's financial records dating back to January 1, 1999. In particular, the Requests seek:

    1.  All documents which evidence expenses and revenue of the Church and/or Bostonview since January 1, 1999.

    2.  All documents which evidence the disbursement of any funds from the Church or Bostonview to any individuals or entity since January 1, 1999.

    3.  All statements regarding the Church's checking account(s) since January 1, 1999.

    4.  All statements regarding the Church's savings account(s) since January 1, 1999.

    5.  All statements regarding the Church's other financial account(s) since January 1, 1999.

    6.  All cancelled checks of the Church since January 1, 1999.

    7. All statements regarding Bostonview's checking account(s) since January 1, 1999.

    8. All statements regarding Bostonview's savings accounts(s) since January 1, 1999.

    9. All statements regarding Bostonview's other financial account(s) since January 1, 1999.

    10. All cancelled checks of Bostonview since January 1, 1999.

The Defendants have agreed to produce documents concerning payments to MacKenzie, Kennedy, or their relatives for the period beginning January 1, 2002. That period includes the entire time in which the Plaintiff alleges that any wrongdoing took place. According to the Complaint, MacKenzie did not join the Church until about November or December 2002, and Kennedy joined in May 2002. Complaint ¶¶ 6, 9. No claims other than those against Kennedy and MacKenzie have been made regarding the finances of the Church. The specific acts of wrongdoing alleged relate to the misappropriation of funds by Kennedy and MacKenzie for their own use. The documents Defendants have agreed to produce include any financial documents concerning payments to MacKenzie, Kennedy, or their relatives and therefore provide all such documents relevant to the Plaintiff's claims.

Contrary to the Plaintiff's argument, whether the Church's fiscal practices have changed over the course of more than five years is not relevant to the allegations of wrongdoing by MacKenzie and Kennedy in 2002 and beyond, nor can it reasonably be expected to lead to the discovery of admissible evidence. Moreover, by not limiting the requests to those matters concerning Kennedy and MacKenzie, the Plaintiff has sought financial records pertaining to *all* Church matters. The Plaintiff would have the Church engage in costly discovery to produce every expenditure made in the last five years. This would include, for example, checks and account records of the purchase of flowers for decoration at Sunday services, disbursements for the maintenance and supply of the office water cooler, and the payment for utilities and office

repairs, to name just a few. The Church's financial records also contain personal information, such as what members wholly unrelated to MacKenzie and Kennedy received from the Relief Funds which are intended to provide for a variety of needs of the members, such as emergency medical care, assistance with housing, and other personal needs.

Rule 26(b)(1)(iii) also permits the limiting of discovery where the requests are "unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation." Here, despite the allegations that the Church's finances have been harmed by MacKenzie and Kennedy, the Plaintiff seeks to encumber the Church with extensive and exorbitant discovery costs supported directly from the funds Plaintiff ostensibly seeks to protect in the interest of the Church and its members. The burden of such discovery is particularly unnecessary in this case given that the Plaintiff has already subpoenaed records from the Church and Bostonview's banks. Therefore, any additional production is duplicative, and the Church should not be required to engage in the laborious production of financial information that "is obtainable from some other source that is more convenient." Fed. R. Civ. P. 26(B)(1)(i).

**B.**     **Request No. 11**

The Plaintiff requests:

> 11. All minutes of trustee, church council, membership, or other Church meetings conducted since 1995.

The Church has agreed to produce minutes from and after January 1, 2002, which discuss the admission of new members or the withdrawal of the Church from the General Convention. In support of this request, Plaintiff merely suggests that the records from *all* meetings of *any* Church body dating back nearly ten (10) years "could (and most likely will) demonstrate wrongful conduct." Motion to Compel at 11. However, no wrongful conduct is alleged prior to

2002. The Plaintiff should not be entitled to the records of all Church meetings, particularly those of the Council which is responsible for the Church's doctrinal and ecclesiastical matters, or meetings that did not address issues raised in the complaint (e.g., the admission of new members and the withdrawal from the General Convention).

**C.      Request No. 12**

The Plaintiff requests:

> 12. All documents constituting or concerning correspondence sent to and from the Church since May 2001.

The Church has agreed to produce correspondence for the period after January 1, 2002, to the extent that it discusses the admission of new members or the withdrawal of the Church from the General Convention. Plaintiff has made no allegations regarding mail sent to the Church, and has made no allegations regarding any wrongdoing prior to January 1, 2002. The allegations regarding correspondence from the Church involve letters sent advising of the Church's withdrawal from the General Convention. The Church has agreed to produce any such correspondence. Further, the production of other correspondence would necessarily violate the Church's First Amendment rights.

**D.      Request Nos.13 through 15**

These Requests seek virtually all records, both public and private, of all Church members throughout its 180 year history. In particular, Plaintiff requests:

> 13. All memoranda or other documents created since January 1, 1999 referring to, concerning or addressing any Church member.
>
> 14. All memoranda or other documents which refer to, concern or address any issues as to the Church or its members.
>
> 15. All documents evidencing, referring to, mentioning or concerning the confirmation of any Church members.

The Church has agreed to produce documents since January 1, 2002 which concern the admission of new members, the withdrawal from the General Convention, or the confirmation of members. The Church also agreed at the Local Rule 7.1 conference to produce all documents regarding the confirmation of members, without time limitation, so there is no pending dispute as to Request No. 15.

Request No. 13 requests documents regarding any Church member issues for several years prior to any alleged wrongdoing. Producing all such documentation of the Church would be unduly burdensome and expensive and intrude upon the Church's First Amendment rights.

Request No. 14 has no limitations in its time or scope. It demands any documents related to any issues of the Church or its members. This could literally include every document in the Church. Plaintiff has provided no more specific examples of subject matters that would be responsive to this request. The Church should not be required to satisfy such a broad request.

**E.    Request No. 16**

The Plaintiff requests:

> 16. All memoranda or other documents which refer to, concern, or address any issues as to Bostonview.

The Church has agreed to produce all memoranda or documents which concern the potential conversion of the Bostonview apartments to condominiums. In addition, with respect to Request No. 23, the Church further agreed at the Rule 7.1 conference to produce all minutes and transcripts of any Bostonview meeting for all time periods, concerning any disposition of the assets of Bostonview. The Plaintiff nonetheless continues to attempt to discover additional irrelevant Bostonview documents.

F.  **Request Nos. 17, 18 and 19**

These Requests seek all documents pertaining to matters between the Church, and the General Convention and the Massachusetts Association of the New Jerusalem.  In particular, Plaintiff requests:

> 17. All documents which refer to, concern, or address any issues as to the Church's affiliation with the Denomination.
>
> 18. All documents which refer to, concern or address any issues as to the Denomination.
>
> 19. All documents which refer to, concern or address any issues as to the Association.

There is no pending dispute as to Request No. 17.  The Church has agreed to produce all responsive documents, and is not aware of any such documents that have not been produced.

As to Request No. 19, the Church agreed to produce all documents concerning the Church's withdrawal from the General Convention and all documents which evidence or discuss MacKenzie-related and Kennedy-related issues with the Association.  The Plaintiff does not allege any issues concerning the Association other than those related to MacKenzie and Kennedy so that Request is otherwise unduly broad.

Request No. 18 would include documents unrelated to the allegedly inappropriate withdrawal which are not the subject of the Plaintiff's claims.  The Church and the General Convention have existed since the eighteenth century, during which they may well have been involved in many issues unrelated to the Plaintiff's claims.  A search for all such documents is both burdensome and unnecessary.  Absent any more specific limitation, this request is unduly burdensome and vague.

G.  **Request No. 23**

The Plaintiff requests:

23. All records, including transcripts, of any directors or other meeting of Bostonview.

This request demands the production of all records of meetings concerning the mundane and unrelated business activities of Bostonview. As stated during the Local Rule 7.1 conference with Plaintiff's counsel, the Church has agreed to produce minutes and transcripts of any Bostonview meeting for all time periods concerning any disposition of the assets of Bostonview. The Plaintiff has not suggested any other relevant Bostonview conduct which would warrant the production of other documents. Despite Defendants' counsel's agreement to broaden their response, the Plaintiff continues to pursue the discovery of *all* documentation of *any* matters addressed at *any* meeting of Bostonview.

H.   **Request No. 24**

The Plaintiff requests:

24. All newsletters or other documents concerning activities of the Church since January 1, 1999.

The Church agreed to produce any newsletters published by the Church since January 1, 2002. The Plaintiff argues that newsletters prior to 2002 are necessary to show "that newsletters authorized by MacKenzie and Kennedy were merely vehicles to falsely promote their activities." Motion to Compel, at 14. To the contrary, newsletters prior to 2002 have no relevance to MacKenzie's and Kennedy's alleged activities in 2002 and beyond. If, as the Plaintiff alleges in its Motion, newsletters in 2002 and after were vehicles for MacKenzie's and Kennedy's alleged deceit, then those are the documents which might be relevant and those are the documents the Church has agreed to produce.

I.   **Request No. 25**

The Plaintiff requests:

      25. All documents which evidence or constitute Church by-laws or any alleged amendments thereto.

The Church has agreed to produce the requested documents in effect after January 1, 2002. The Plaintiff asserts that older bylaws are necessary to assess the "changes to the by-laws and the reasons for those changes," and the procedures required for by-law amendment. Motion to Compel, at 14. But changes in the distant past made pursuant to different bylaws by persons who are no longer members of the Church cannot have any relevance to changes made last year to bylaws under the procedures then in effect. The bylaws relevant to the Plaintiff's inquiry are those in effect at the time of the changes, which are alleged to have taken place in 2003. The Church has agreed to produce the by-laws in existence after January 1, 2002, which would include those in effect at the time of the alleged changes.

### III. CONCLUSION

For the foregoing reasons, Plaintiff George Chapin's Motion to Compel the Production of Documents by the Boston Society of the New Jerusalem, Incorporated (Swedenborgian) and Bostonview Corporation should be denied.

BOSTON SOCIETY OF THE NEW
JERUSALEM, INCORPORATED and
BOSTONVIEW CORPORATION,

Defendants.

By their attorneys,


/s/ Richard J. McCarthy
Richard J. McCarthy (BBO #328600)
Nicholas J. Rosenberg (BBO #657887)
EDWARDS & ANGELL LLP
101 Federal Street
Boston, MA  02110
(617) 439-4444
(617) 439-4170 fax