UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE GENERAL CONVENTION OF THE NEW JERUSALEM IN THE UNITED STATES OF AMERICA, INC., THE MASSACHUSETTS ASSOCIATION OF THE NEW JERUSALEM (SWEDENBORGIAN), and GEORGE CHAPIN,<br><br>    Plaintiffs,<br><br>v.<br><br>EDWARD MACKENZIE, THOMAS KENNEDY, BOSTON SOCIETY OF THE NEW JERUSALEM, INCORPORATED (SWEDENBORGIAN), and BOSTONVIEW CORPORATION,<br><br>    Defendants. | C.A. No. 04-10419-WGY |

**MEMORANDUM OF DEFENDANTS BOSTON SOCIETY OF
THE NEW JERUSALEM, INC. AND BOSTONVIEW CORPORATION
IN SUPPORT OF RENEWED MOTION TO DISMISS**

**I.**   **PRELIMINARY STATEMENT**

    **A.**   **Introduction**

At an April 28, 2004 hearing, the Court denied Defendants Boston Society of the New Jerusalem, Inc. (the "Church") and Bostonview Corporation's ("Bostonview") (collectively, the "Defendants") Motion to Dismiss without prejudice to the motion being renewed upon the filing of the Consent Judgment in Commonwealth v. Kennedy, et al., Suffolk Superior Court, Civil Action No. 03-5408A (the "Suffolk Superior Court Action"). The Consent Judgment has now been filed, together with a complaint, and the case assigned a new number (Civil Action No. 04-2597) (collectively, the "Suffolk Superior Court Action"). A copy of each of these documents is annexed hereto as Exhibit A. The Consent Judgment finally resolves all matters raised as a

result of the Attorney General's investigation without any admission of wrongdoing by any party. In addition, after this Court's April 28, 2004, hearing, the Supreme Judicial Court decided <u>Callahan v. First Congregational Church of Haverhill</u>, 441 Mass. 699, 808 N.E.2d 301, 2004 WL 1088563 (2004) (a copy of which is annexed hereto as Exhibit B), which makes clear that the First Amendment prevents courts from reviewing internal church actions, such as issues pertaining to membership, whether the church is congregational or hierarchical in organization.

### B. Suffolk Superior Court Action

The Civil Investigative Demands ("CIDs") which commenced the Superior Court Action are broad in scope, encompassing the issues raised in this litigation, including Church members, Church governance, disposition of Church assets, and use of Church funds. The subsequently filed complaint and Consent Judgment address these issues again, both assuring that challenged past conduct has been properly dealt with and putting in place procedures designed to assure the Attorney General as to the future operations of the Church. The Suffolk Superior Court Action has been resolved with the cooperation of the Church, its Board, and its members, including members Kennedy and Mackenzie. Among other things, the Consent Judgment provides for ongoing supervision by the Attorney General of the Church's conduct of its financial affairs, including any possible conversion of the Bostonview apartments to condominiums (Consent Judgment, ¶¶ 3, 4, 8 & 9). The future internal operations of the Church will comply with Church Bylaws and be determined by appropriate Voting Members, which includes the particular members (Messrs. Kennedy and Mackenzie) about which the Plaintiffs complain. (Consent Judgment ¶ 4.) The disposition of Church assets is specifically addressed -- none go to the Convention, and all are under the control of the Trustees and Officers of the Church. <u>Id</u>. In sum,

all matters raised in the above-captioned action are dealt with by the Consent Judgment and related actions.

Defendants have fully briefed the grounds for the Motion to Dismiss (the "Initial Memorandum" and "Reply Memorandum") and incorporate herein by reference all of the pleadings and briefs filed in connection with the initial Motion to Dismiss. This memorandum briefly summarizes and restates some of the points previously made.

## II.     ARGUMENT

**A.   Because of the Preemptive Exclusive Authority of the Attorney General, And For Reasons Of Federalism And Comity, This Court Should Abstain From Hearing The Claims Asserted Against The Church And Bostonview Or, Alternatively, Not Exercise Supplemental Jurisdiction With Respect To Those Claims.**

Principles of federalism and comity permit the state courts and state administrative system to function without interference from the federal courts. These principles are reflected in the cases cited in the Initial Memorandum, at pages 5 through 9. In addition, Massachusetts has granted exclusive and comprehensive authority to the Attorney General over all matters involving public charities. Mass. Gen. L. ch. 12, §§ 8, 8G, 8I. This authority of the Attorney General fully occupies the field of the conduct of public charities, and preempts any other action with respect to the administration of, governance of, and use of funds by a public charity, whether in state or federal court.

This preemptive effect would exist whether or not the Attorney General decided to take any action. In this particular case, the Attorney General in fact commenced the Suffolk Superior Court Action and, with the cooperation and consent of the Church, have mutually determined what should be done to address all events going back to 1991. That agreement is reflected in the

documents annexed as Exhibit A hereto.  The Consent Judgment covers the waterfront of the issues raised in the above-captioned action – dealing with trustee, membership, and governance issues, Church administrative conduct, and the disposition of Church assets.[1]

Moreover, Count V, seeking declaratory relief concerning the rights of the Convention upon dissolution, raises issues that by state statute must be presented to the Supreme Judicial Court in a proceeding to which the Attorney General is a necessary party.  The Attorney General is not a party to this action.  The Attorney General has brought his own action (which does not seek dissolution) and has obtained satisfactory relief in that action.[2]

This case concerning the affairs of a public charity is no less compelling than the circumstances presented by a state's control over state criminal proceedings or state tax collection.  These are all matters as to which the states have established comprehensive regulatory procedures because of their particular significance and importance to the states, and as to which federal courts typically do not interfere.  To permit the maintenance of a federal court action brought by a single member of a public charity where the state has an established comprehensive framework for reviewing the conduct of a public charity, and the Attorney General has implemented that framework, would fly in the face of the doctrines of federalism and comity.

**B.     Plaintiffs Have No Standing To Assert A Declaratory Judgment Claim Concerning Confirmation And The Church's Admission Of Other Members.**

---

[1] Under these circumstances, the federal courts should defer to the state system and not accept jurisdiction over equitable declaratory judgment claims asserted against Defendants.  The Church will need to expend substantial time and resources in order to comply with the Consent Judgment.  It is unduly burdensome, and unnecessarily duplicative, for the Church also to be required to deal with litigation arising from the same subject matter that has been dealt with in the Consent Judgment.

[2] Plaintiffs' Opposition admits that the Attorney General has declined to participate in the above-captioned action. Opposition, at 10 n.9.

The only exception to the Attorney General's exclusive right to bring an action with respect to the conduct of the affairs of a public charity is when an individualized claim arises "from a personal right that directly affects the individual member." Weaver v. Wood, 425 Mass. 270, 276, 680 N.E. 2d 918, 923 (1997). If a plaintiff had lost his or its individual membership right or his or its individual position on the Board of Trustees, such an event might implicate a personal right directly affecting a member. But neither the Convention nor the Association has ever been a member or officer of the Church. And Mr. Chapin, the individual plaintiff, continues to be a member, so cannot assert a claim with respect to his personal membership.[3] Thus, to the extent that Mr. Chapin purports to assert any claim, he purports to do so derivatively on behalf of others. But, he has no standing to assert such a derivative claim. Only the Attorney General has standing to assert a claim arising from the conduct of a public charity.

### C.  The First Amendment Precludes This Court from Resolving Disputes Over The Composition Of The Church's Membership

The Initial Memorandum, at 17-18, and the Reply, at 8-9, explain why the First Amendment does not permit a judicial adjudication of the Count V claim concerning confirmation and Church membership because those questions necessarily implicate purely ecclesiastical matters. Approximately one month ago, the SJC affirmed and extended this principle in Callahan v. First Congregational Church of Haverhill, 441 Mass. 699, 808 N.E.2d 301, 2004 WL 1088563 (2004). In Callahan, a pastor sought judicial review of the actions of his congregational church and of the Massachusetts Conference of the United Church of Christ in terminating his employment and suspending his status as a minister. The Supreme Judicial Court held that the constitutional rights of religious freedom apply equally to congregational and hierarchical churches, and that these rights prohibit courts from exercising subject matter

---

[3] But even if he were not a member, this Court would not have subject matter jurisdiction over any Church membership issue for the reasons stated in Argument II. C. infra.

jurisdication over matters involving a church's employment of a minister or a religious association's determination as to the status of a minister, because such questions necessarily implicate matters of religious doctrine. Id. at *15, *7-9.

The questions raised by Count V's claim for relief concerning Church membership and confirmation cut even closer to the core of religious doctrine than the ministerial relationship issues raised in Callahan. Employment issues such as those raised in Callahan at least arguably implicate numerous state and federal laws regulating the employment relationship, yet the SJC determined that judicial interference in this area is improper. The membership issues in Count V do not even present this veneer of state or federal legislative involvement. Thus, Count V should be dismissed for lack of subject matter jurisdiction.

### D. The Count IV Declaratory Judgment Claim As To Dissolution Should Be Dismissed.

Not only is the Count IV declaratory judgment claim not ripe for review, for the reasons stated in the Initial Memorandum, at pages 15-17, but there is also an adequate remedy at law. Mass. Gen. L. ch. 180, § 11A, establishes the exclusive procedure to be followed for dissolution and for disposition of the assets of a charitable corporation. The Attorney General is a necessary party to that proceeding. Mass. Gen. L. ch. 12, § 8G.

Moreover, the Convention has no standing to assert any claim with respect to the Bylaws, including the claim for declaratory relief, because the condition precedent – dissolution -- has yet to occur. There is no ambiguity in the Bylaws with respect to the fact that whatever rights the Convention may have can arise only upon dissolution, at which time the Church as a corporation will cease to exist. The Bylaws specifically use the phrase "cease to exist" under the heading "Dissolution". There can be no debate about the meaning of that language.

- 7 -

### III.   CONCLUSION

For the foregoing reasons, and for the reasons stated in the Initial Memorandum and the Reply Memorandum, the Count IV and V declaratory judgment claims against Bostonview and the Church should be dismissed.

BOSTON SOCIETY OF THE NEW
JERUSALEM, INCORPORATED and
BOSTONVIEW CORPORATION,
   Defendants.

By their attorneys,


/s/ Brian H. Lamkin
Richard J. McCarthy (BBO #328600)
Brian H. Lamkin (BBO #635688)
EDWARDS & ANGELL LLP
101 Federal Street
Boston, MA  02110
(617) 439-4444
(617) 439-4170 fax
