# MEMORANDUM IN SUPPORT OF RENEWED MOTION TO DISMISS

## EXHIBIT A

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04-2597 | Trial Court of Massachusetts Superior Court Department County: SUFFOLK |
|---|---|---|
| PLAINTIFF(S) THOMAS F. REILLY, ATTORNEY GENERAL OF THE COMMONWEALTH OF MASSACHUSETTS | | DEFENDANT(S) BOSTON SOCIETY OF THE NEW JERUSALEM, INC |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE JAMIE KATZ, DIVISION OF PUBLIC CHARITIES, ONE ASHBURTON PLACE, BOSTON, MA 02108 (617)727-2200 x2110 Board of Bar Overseers number: 261200 | | ATTORNEY (if known) RICHARD MCCARTHY EDWARDS & ANGELL LLP 101 FEDERAL STREET BOSTON, MA 02110 |

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| D99 | Other (Settlement) | (F) | ( ) Yes (X) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
   Subtotal $. . . . . . . . . . . . .
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
F. Other documented items of damages (describe)
   $. . . . . . . . . . . . .
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

   $. . . . . . . . . . . . .
   TOTAL $. . . . . . . . . . . . .

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. . . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record  Jamie Katz    DATE: 6/14/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                                                  SUPERIOR COURT
                                                             CIVIL ACTION

| | |
|---|---|
| THOMAS F. REILLY, as he is ATTORNEY GENERAL of the COMMONWEALTH OF MASSACHUSETTS, <br>                     Plaintiff, <br> v. <br><br> BOSTON SOCIETY OF THE NEW JERUSALEM, INC., <br>                     Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) |

## COMPLAINT

1. The Attorney General brings this action to ensure that the defendant takes action to control excessive spending of charitable assets that has resulted in substantial and, on occasion, excessive payments and other benefits to certain officers, directors, and their relatives.

### JURISDICTION AND VENUE

2. The Court has jurisdiction over these claims pursuant to G.L. c. 214, §1. The Court is authorized to declare the respective rights of the parties pursuant to G.L. c. 231A, §1 et seq. This action is brought in the Superior Court of Suffolk County pursuant to G.L. c. 223, §5.

### PARTIES

3. The plaintiff is Thomas F. Reilly, who is Attorney General of the Commonwealth of Massachusetts, and who brings this action in the public interest pursuant to G.L. c. 12, §8 et seq.

4. The Defendant is Boston Society of the New Jerusalem, Inc., a religious organization located at 140 Bowdoin Street, Boston, Massachusetts.

## FACTS

### Boston Society of the New Jerusalem

5. Boston Society of the New Jerusalem, Inc. ("Church" or "charity") was organized on August 15, 1818 and incorporated on February 11, 1823 by an act of the legislature.

6. In 2003, the Church underwent significant transformation, changing its bylaws and removing itself from its previous affiliations with The Swedenborgian Church United States and Canada, The General Convention of the New Jerusalem in the United States of America, The Massachusetts Association of the New Jerusalem Church, and Massachusetts New Church Union.

7. In 2003 and 2004, certain Church officers, directors, and their relatives received substantial and, on occasion, excessive compensation payments and/or other benefits from the Church.

### Bostonview Corporation

8. The Church incorporated Bostonview Corporation ("Bostonview"), a nonprofit corporation, in Delaware on August 22, 1963.

9. Bostonview is organized "exclusively for religious, charitable, scientific, and education purposes with the specific object of holding title to properties and collecting the income therefrom and turning over the entire amount thereof, less expenses, to Boston Society of the New Jerusalem, Inc. . . . ."

10. The Church registered Bostonview in Massachusetts as a foreign corporation on June 8, 1977.

11. Bostonview's principal office location is 140 Bowdoin Street, Boston,

Massachusetts.

12. In 2004, certain Bostonview officers and directors received substantial and, on occasion, excessive compensation payments and/or other benefits from the Church.

### Harborview Corporation

13. The Church incorporated Harborview Corporation ("Harborview"), a for-profit corporation, in Massachusetts on November 12, 2003.

14. Harborview is organized inter alia, "[t]o carry on and conduct a general real estate development business including designing, constructing, enlarging, extending, repairing, completing, renovating, removing, or otherwise engaging in any work on residential, commercial, or industrial structures . . . ."

15. Harborview's principal office location is 54 Snow Lane, Chatham, Massachusetts.

16. In 2003 and 2004, certain Harborview officers and their relatives received substantial and, on occasion, excessive compensation payments and/or other benefits from the Church.

### COUNT I

### Dissipation of Charitable Assets

17. In 2003 and 2004, Church Officers and Trustees failed to ensure the due application of charitable assets, in accordance with G.L. c. 12, §8.

18. In 2003 and 2004, Church Officers and Trustees failed to ensure that Church proceeds were used solely to further the Church's mission.

19. In 2003 and 2004, Church Officers and Trustees approved distributions of the charity's assets for the benefit of certain private individuals.

20. As a result of the actions of the Church Officers and Trustees, the charity suffered

harm.

## RELIEF REQUESTED

Wherefore, the Commonwealth requests that this Court:

1. Enter a Consent Judgment and Order, as agreed upon by the Boston Society of the New Jerusalem, Inc. and the Attorney General.

2. Grant such other and further relief as this Court may deem just.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

Jamie W. Katz, BBO #261200
Leslie E. Bennett, BBO #644403
Assistant Attorney General
One Ashburton Place, Rm. 1813
Boston, MA 02108
(617) 727-2200 ext. 2110

Dated: June 14, 2004

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                               SUPERIOR COURT DEPT.
OF THE TRIAL COURT

COMMONWEALTH OF MASSACHUSETTS,

Plaintiff,

v.                                      Civil Action No. 04-2597

BOSTON SOCIETY OF THE NEW JERUSALEM, INC.,

Defendant.

## CONSENT JUDGMENT

This matter having come before the Court first through Civil Investigative Demands issued by the Department of the Attorney General pursuant to Mass. Gen. Laws, Chapter 12, Section 8H and served upon the defendants and others in Suffolk Civil Action No. 03-5408A (the "CIDs"); and

The Defendants having produced the requested documents, including financial records, and all parties having conferred as to the matters reflected in those documents; and

All parties having agreed to finally resolve the matters covered by the CIDs and the Complaint in this action to avoid the expense, delay, and uncertainties of further investigation and/or litigation by taking the corrective action, and confirming or adopting certain practices and procedures, as set forth in this Consent Judgment, without trial or adjudication of any issue of fact or law, and without an admission of any liability, which Defendants expressly deny.

IT IS HEREBY AGREED THAT:

1.      The Board of Trustees of the Boston Society of the New Jerusalem, Inc. (the "Church") shall adopt policies and procedures for addressing conflict of interest issues, meeting notice procedures, and related party transactions, and shall implement substantially the Financial

Policies and Procedures adopted by unanimous consent of the Board of Trustees on January 25, 2004, within sixty (60) days of the date of this Judgment. The policies and procedures shall be consistent with the terms of this Consent Judgment and the Church shall submit the proposed policies and procedures to the Office of the Attorney General for review and approval before their adoption.

2. The Church controls certain real estate located at 140 Bowdoin Street, Boston, Massachusetts, through its ownership of Bostonview Corporation ("Bostonview"); Bostonview controls funds for potential investment through its ownership of the stock of Harborview Corporation ("Harborview"); and the Church, Bostonview and/or Harborview (collectively, the "Church Group") may come to control other assets for investment through the establishment of other entities, a substantial portion of whose equity the Church owns.

3. Except as provided below, the Church Group shall not transfer or substantially encumber any capital assets valued at over $10,000 without first delivering written notice of the terms of the contemplated transaction to the Attorney General at least thirty (30) days in advance of the transaction. If such a transaction occurs, the Church shall provide the Attorney General with a complete accounting of the disbursement of any proceeds within sixty (60) days after the transaction is complete. These restrictions shall not apply to any ordinary operating expenditures; any customary and usual Bostonview capital expenditures; or any transfers or sales in the ordinary course of the Church Group's businesses, including transfers within an investment fund or stock portfolio managed for the Church by a professional manager. None of the Bostonview or Harborview net earnings shall inure, in whole or in part, to the benefit of any private stockholders or individuals.

4. The Board of Trustees and Officers of the Church shall not convey any assets of the Church to any individual or to any for-profit entity unless (a) the Board of Trustees has

reviewed and approved the transaction; (b) the Voting Members have approved the transaction, if required pursuant to the Church's By-Laws; (c) the transaction is for full, fair-market value; and (d) the transaction, or the use of proceeds from the transaction, is in furtherance of the Church's mission as defined by the Board of Trustees and approved by the Voting Members pursuant to the By-Laws. A list of the Church's Voting Members as of December, 2003, has been previously supplied to the Attorney General as documents numbered BC 18623 through BC 18626. Assets over $10,000 can be conveyed only if the Board of Trustees approves the transaction by a two-thirds majority vote. Nothing in this paragraph shall affect the Church's ability to convey funds to individuals through regular Church programs and for charitable purposes consistent with the Church's mission, such as through the Pastor's Discretionary/Relief Fund or to pay for education related expenses.

5. The Board of Trustees and officers of the Church shall operate in conformance with the Church's By-Laws, as amended from time to time, except that the Church shall adhere to the provisions of this Consent Judgment, if there is a conflict between this Consent Judgment and the By-Laws.

6. The Church shall operate in conformance with the requirements of the Internal Revenue Code for organizations that are exempt from taxation under Section 501(c)(3), including the provision that an organization is so exempt only if "no part of the net earnings of [such organization] inures to the benefit of any private shareholders or individuals", and the requirement set forth in the regulations under Section 501(c)(3) that the organization be organized and operated exclusively to further tax-exempt purposes. In addition, the Church shall report all payments and any other benefits given to individuals who work for the Church in any capacity, including, but not limited to, members, the Church's officers and Board of Trustees,

Bostonview officers and Harborview officers, as income to the Internal Revenue Service in W-2 or 1099 filings, as required.

7. The Church shall, within thirty (30) days of the date of this Judgment, hire an Interim Chief Financial Officer with responsibility for monitoring and controlling all financial and accounting transactions required for the Church, Bostonview, and Harborview, including the day-to-day financial operations of the Church; reporting to the Board of Trustees and the Attorney General on financial matters; reviewing and adjusting in consultation with the Church's Compensation Committee, salaries and other forms of compensation, to make sure that any compensation paid is reasonable and appropriate; ensuring that the Church fully complies with its legal obligations and the requirements of this Consent Judgment; ensuring that all expenditures are appropriate and consistent with the Church's mission; and taking any and all other actions to ensure financial responsibility and accountability for the Church.

8. The Interim Chief Financial Officer must be approved by the Office of the Attorney General in writing. The Interim Chief Financial Officer shall hold this position for one (1) year, but the Attorney General and the Church may extend the term prior to the end of the year. The Interim Chief Financial Officer shall provide the Attorney General with a quarterly report as described in paragraph 9 below concerning the finances of the Church, including any financial issues or concerns that may exist and any recommendations for improving the financial operation of the Church.

9. The Interim Chief Financial Officer shall provide the Attorney General with summary financial statements in a form acceptable to the Attorney General each quarter, beginning with the quarter ending June 30 or August 31 (depending on the fiscal year adopted by the Church and then in effect), through the term of this Judgment. The Interim Chief Financial Officer shall submit the report within thirty (30) days after the end of each quarter. With the

quarterly reports, the Interim Chief Financial Officer will provide to the Attorney General a record of all votes and minutes relating to financial matters by the Voting Members and the Board of Trustees. Upon ten (10) business days notice, the Church shall make available to the Attorney General any of its financial records that the Attorney General may request in writing and any other information requested in writing consistent with Mass. G. L. c.12, §§8F and 8L.

10. Nothing in this Consent Judgment shall limit the Attorney General's right to exercise all of his authority under law in the event that the Attorney General becomes aware of dissipation of charitable assets or use of charitable assets for other than appropriate Church related expenses, or limit the Attorney General's and the Church's ability to enter into further agreements with each other or to seek further orders of the Court.

11. The parties consent to entry of this Judgment solely for purposes of compromise and settlement, and to avoid the risks and expenses associated with further investigation. This Consent Judgment does not constitute evidence of, or an admission of, any liability or wrongful act.

12. The provisions of this Consent Judgment and Order shall expire and be of no further force and effect on and after June 15, 2007, or at such earlier date as the parties shall agree upon. No sooner than eighteen (18) months after the date of the entry of this Consent Judgment the parties may give consideration to an expiration date which is earlier than June 15, 2007.

| OFFICE OF THE ATTORNEY GENERAL, Plaintiff, | BOSTON SOCIETY OF THE NEW JERUSALEM, INC. Defendant, |
|---|---|
| *Jamie W Katz* | *Rex Ellis* |
| Jamie W. Katz (BBO #261200) Assistant Attorney General Chief, Public Protection Division Office of the Attorney General Commonwealth of Massachusetts One Ashburton Place Boston, MA 02108 (617) 727-2200 | Rex Ellis, Chair, Board of Trustees |
| | *Thelma E. Hawkins* |
| | Thelma E. Hawkins, Secretary, Trustee |
| | *John B Burke — Treasurer* |
| | John Burke, Treasurer, Trustee |
| | *Matthew J Oliva* |
| | Matthew Oliva, Trustee |
| | *Michael Latkowitch* |
| | Michael Latkowitch, Trustee |
| | *Sandra Flaherty* |
| | Sandra Flaherty, Trustee |

- 6 -

_____
Thomas J. Kennedy, Trustee

APPROVED AS TO FORM:

_____
Richard J. McCarthy (BBO #328600)
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, MA 02110
(617) 439-4444

SO ORDERED:

Dated: June ___, 2004

_____
Justice, Superior Court

- 7 -