UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE GENERAL CONVENTION OF THE NEW JERUSALEM IN THE UNITED STATES OF AMERICA, INC., THE MASSACHUSETTS ASSOCIATION OF THE NEW JERUSALEM (SWEDENBORGIAN), and GEORGE CHAPIN,<br><br>      Plaintiffs,<br><br>v.<br><br>EDWARD MACKENZIE, THOMAS KENNEDY, BOSTON SOCIETY OF THE NEW JERUSALEM, INCORPORATED (SWEDENBORGIAN), and BOSTONVIEW CORPORATION<br><br>      Defendants. | C.A. No. 04-10419-WGY |

**DEFENDANTS BOSTON SOCIETY OF THE NEW JERUSALEM, INC.
AND BOSTONVIEW CORPORATION'S EMERGENCY MOTION FOR EXPEDITED
BRIEFING SCHEDULE ON DEFENDANTS' RENEWED MOTION TO DISMISS**

    Defendants Boston Society of the New Jerusalem, Incorporated ("the Church") and Bostonview Corporation ("Bostonview"), by their attorneys, move this Court for an order setting an expedited briefing schedule on Defendants' Renewed Motion to Dismiss, submitted herewith. Defendants request that such briefing schedule require Plaintiffs to file their opposition within five business days, and allow Defendants two business days thereafter to file their reply, if any. In support of their motion, Defendants state as follows:

    1.    On March 22, 2004, the Church and Bostonview (for ease of reference, collectively referred to as "the Church") moved to dismiss Counts IV and V of the Complaint, which are the only counts asserted against them. The Church argued, among other points, that principles of federalism and comity required the Court to abstain from exercising jurisdiction, in

particular because the Massachusetts Attorney General, who has broad power to regulate charitable corporations such as the Church, had already commenced an action against the Church in Superior Court as part of an ongoing investigation of the Church's financial affairs.

2.      On April 28, 2004, the Court held oral argument on the motion to dismiss. During argument, the Church's counsel represented to the Court that the Church and the Attorney General were working out the final details of a Consent Decree to resolve the Superior Court action. Based in large measure on that representation, the Court denied the Church's motion to dismiss without prejudice to refiling that motion along with a copy of the finalized Consent Decree. The Court also ordered the parties to prepare a Case Management Proposal within 20 days, and scheduled a pretrial conference to take place in July 2004.

3.      The Church has now filed its Renewed Motion to Dismiss, attaching the finalized complaint and Consent Decree. That renewed motion, and the Consent Decree, highlight the fact that the Attorney General has occupied the field of regulating charitable entities such as the Church. Beyond that, the parties have exhaustively briefed and argued the issues before the Court. The Plaintiffs should require only minimal time to prepare their opposition to the Church's renewed motion, and the Church likewise should need minimal time to prepare any reply. The parties will soon need to expend time and resources addressing pending discovery. A resolution of the renewed motion that is favorable to the Church will obviate the need for the parties or the Court to expend further time on these endeavors.

4.      Given the extensive briefing and argument to date, the Church submits that the 14-day period that would otherwise be afforded to the Plaintiffs to oppose the renewed motion to dismiss is unnecessary. The Church believes that five business days should be more than ample

for the Plaintiffs to prepare an opposition, and two business days thereafter should suffice for a reply brief.

5.      Since the Court has already heard oral argument, the Church also requests that the Court resolve the renewed motion to dismiss on the papers.  Should the Court feel that further argument is necessary, the Church requests that such argument be scheduled at the earliest opportunity available to the Court after the briefing is completed.

WHEREFORE, Defendants Boston Society of the New Jerusalem, Incorporated and Bostonview Corporation respectfully move that the Court enter an expedited briefing schedule on the Renewed Motion to Dismiss that gives the Plaintiffs five business days to file an opposition, and gives the Church two business days thereafter to file a reply, with the Court to make a decision on the renewed motion based on the papers only.

> BOSTON SOCIETY OF THE NEW
> JERUSALEM, INC. and BOSTONVIEW
> CORORATION,
>         Defendants
>
> By their attorneys,
>
>  /s/ Brian H. Lamkin
> Richard J. McCarthy (BBO# 328600)
> Brian H. Lamkin (BBO# 635688)
> EDWARDS & ANGELL LLP
> 101 Federal Street
> Boston, MA  02110
> (617) 439-4444

**LOCAL RULE 7.1 CERTIFICATION**

I hereby certify that on June 14, 2004, Nicholas J. Rosenberg, counsel for the Church and Bostonview, advised counsel for the Plaintiffs that the Church and Bostonview intended to file a Motion for Expedited Briefing Schedule on Defendants' Renewed Motion to Dismiss, and asked

- 4 -

whether he would agree to file Plaintiffs Opposition within five business days.  Mr. Trombetta would not agree to the proposed briefing schedule.

                                                   /s/ Brian H. Lamkin
                                                  Brian H. Lamkin (BBO# 635688)