UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE GENERAL CONVENTION OF THE NEW JERUSALEM IN THE UNITED STATES OF AMERICA, INC., THE MASSACHUSETTS ASSOCIATION OF THE NEW JERUSALEM (SWEDENBORGIAN) and GEORGE CHAPIN,<br><br>Plaintiffs,<br><br>v.<br><br>EDWARD MACKENZIE, THOMAS KENNEDY, BOSTON SOCIETY OF THE NEW JERUSALEM INCORPORATED (SWEDENBORGIAN) and BOSTONVIEW CORPORATION,<br><br>Defendants. | C.A. No. 04 10419 WGY |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
EMERGENCY MOTION FOR PROTECTIVE ORDER STAYING
DISCOVERY PENDING DECISION ON RENEWED MOTIONS TO DISMISS**

### I.  INTRODUCTION

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Defendants Boston Society of the New Jerusalem, Incorporated (the "Church"), Bostonview Corporation ("Bostonview"), Edward MacKenzie, and Thomas Kennedy have moved for a protective order staying all discovery in this action pending this Court's ruling on the Defendants' Renewed Motion To Dismiss, filed at the invitation of the Court as a result of the entry of final judgment in <u>Commonwealth v. Kennedy et al.</u>, Suffolk Superior Court Civil Actions No. 03-5408A and 04-2597 (the "Suffolk Superior Court Action").  For the reasons stated below, the Court should issue a protective order, staying all discovery in this action.

## II. BACKGROUND

On or about March 2, 2004, the Plaintiffs, the General Convention Of The New Jerusalem In The United States Of America, Inc., The Massachusetts Association Of The New Jerusalem (Swedenborgian), and George Chapin (the "Plaintiffs") filed their Complaint in this action asserting nine claims, of which only two – both equitable claims for declaratory relief – are asserted against the Church and Bostonview. The Church and Bostonview filed a Motion to Dismiss[1] on a number of grounds, including abstention; exclusive and preemptive state remedies of law; lack of subject matter jurisdiction by reason of the First Amendment; lack of standing; and lack of any cognizable claim pleaded. The Court heard oral argument on the Motions To Dismiss on April 28, 2004. During argument the Court stated:

> This is a motion to dismiss. I'm very sensitive to that. And I have reflected on it. And I'm going to deny the motion to dismiss as to the corporate defendants and as to the individual defendants.
>
> The wrinkle is going to be this. I'm denying the motion to dismiss without prejudice to entertaining another, what shall I call it, motion to dismiss accompanied by a consent judgment signed by the proper parties, the Attorney General and the church, whoever signs it.

[Transcript of 4/28/04 hearing, at 9].

On June 14, 2004, the Attorney General and the Church entered into a Consent Judgment in the Suffolk Superior Court Action, which provides, *inter alia,* that the Board of Trustees for the Church shall adopt policies and procedures for "addressing conflict of interest issues, meeting notice procedures, and related party transactions, and shall implement substantially the Financial Policies and Procedures adopted by unanimous consent by the Board of Trustees on January 25, 2004." Moreover, the Consent Judgment sets forth several carefully constructed financial controls and procedures directed to the transfer, conveyance, or encumbrance of Church

---

[1] Motions to Dismiss were also filed on behalf of the two individual Defendants in this action, Edward Mackenzie and Thomas Kennedy (the "Individual Defendants").

assets and property (including the Bostonview apartments), outside of ordinary course transactions, and provides for future governance of the Church by its voting members. (A true and complete copy of the Consent Judgment is attached hereto as Exhibit A). In short, the Consent Judgment addresses all of the governance and financial control issues that the Plaintiffs have raised in this action.

Upon the execution of the Consent Judgment, the Church, Bostonview, and the Individual Defendants filed Renewed Motions to Dismiss seeking a prompt ruling from the Court in reliance upon their prior filings and the complaint and Consent Judgment in the Suffolk Superior Court Action. To date, however, the parties have scheduled approximately one dozen depositions to take place during the month of June.[2] Without a stay of discovery, it is likely that substantial, expensive, and ultimately unnecessary discovery will occur before a ruling on the Renewed Motion that might well conclude this action. In order to avoid the substantial expense associated with these depositions - which will be wasted money and time if the Renewed Motions to Dismiss are granted - the Defendants request that this Court stay all discovery pending its decision on the Defendants' Renewed Motion To Dismiss.

## II.   ARGUMENT

### A. In the Interests of Justice and Judicial Economy, Discovery Should be Stayed Pending a Decision on the Renewed Motions to Dismiss

A district court has broad discretion to decide when a protective order is appropriate and what degree of protection is required. See Poliquin v. Garden Way, Inc., 989 F.2d 527, 532 (1st Cir. 1993). A protective order may issue after a showing that good cause exists for the protection of the material sought. See Public Citizens v. Liggett Group, Inc., 858 F.2d 775, 789

---

[2] Depositions have been taken on June 4, June 7, June 10, and June 11, and are currently scheduled on the following dates: June 16, June 18, June 22, June 23, June 24, June 25, June 28, June 29, and July 1.

(1st Cir. 1988). Good cause exists for the issuance of the requested protective order because Defendants' Renewed Motions To Dismiss, if granted, would conclude this action.

It is particularly appropriate for a court to grant a stay of discovery pending the decision on a dispositive motion where the motion appears to have substantial grounds or does not "appear to be without foundation in law." See Johnson v. New York Univ. Sch. of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (district court granted stay of discovery pending outcome of defendant's motion to dismiss). Having previously considered briefs and heard arguments on Defendants' Motions to Dismiss, this Court is fully familiar with the fact that there are substantial grounds asserted for dismissal. The Consent Judgment should be the final capstone on those grounds, justifying the relief requested.

Courts typically stay discovery pending the outcome of a dispositive motion where: (1) the issues raised in that motion are strictly matters of law and do not involve the sufficiency or merits of the allegations; (2) the dispositive motion, if successful, will dispose of the entire action; (3) the issue is one that cannot be cured through an amendment of the pleadings; and (4) there is no showing of prejudice if the court stays discovery. See United States v. County of Nassau, 188 F.R.D. 187, 188 (E.D.N.Y 1999). See also 6 James Wm. Moore et al., Moore's Federal Practice ¶ 26.105[3] (3d ed. 2002), for a list of factors that courts consider in deciding motion to stay discovery pending a decision on a dispositive motion. All four of these factors are satisfied in this case.

The first three criteria are met because the Renewed Motions present questions of law that cannot be cured by an amended pleading and which will result in the dismissal of this action. Nor can there be any showing of prejudice from the requested stay of discovery. No trial date has been set, nor has the final pretrial conference been scheduled. Whatever sense of urgency

Plaintiffs would like to project cannot be credible in light of the Consent Judgment requirements governing ongoing Church and Bostonview operations. The countervailing considerations are the expense and intrusion into the life of a religious organization which would be caused by a discovery process that ultimately may prove to be unnecessary.

### III.   CONCLUSION

For all of the reasons set forth in this Memorandum of Law, Defendants respectfully request that the Court grant the relief sought in the accompanying motion and issue a protective order staying all discovery in this action until this Court's decision on the Defendants' Renewed Motions To Dismiss.

| | |
|---|---|
| BOSTON SOCIETY OF THE NEW JERUSALEM, INCORPORATED and BOSTONVIEW CORPORATION,<br>        Defendants,<br><br>By their attorneys,<br><br><br> /s/ Mary Patricia Cormier_____<br>Richard J. McCarthy (BBO #328600)<br>Mary Patricia Cormier (BBO # 635756)<br>EDWARDS & ANGELL LLP<br>101 Federal Street<br>Boston, MA  02110<br>Tel:  (617) 439-4444<br>Fax:  (617) 439-4170 | EDWARD MACKENZIE and THOMAS KENNEDY,<br>Defendants.<br><br>By their attorneys,<br><br><br>/s/ Nicholas B. Carter_____<br>Howard M. Cooper (BBO #543842)<br>Nicholas B. Carter (BBO #552574)<br>TODD & WELD LLP<br>28 State Street, 31st Floor<br>Boston, MA 02109<br>(617) 720-2626 |

Dated: June 14, 2004