UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THE GENERAL CONVENTION OF THE NEW JERUSALEM IN THE UNITED STATES OF AMERICA, INC., THE MASSACHUSETTS ASSOCIATION OF THE NEW JERUSALEM (SWEDENBORGIAN) and GEORGE CHAPIN,<br>　　　Plaintiffs,<br><br>v.<br><br>EDWARD MACKENZIE, THOMAS KENNEDY, BOSTON SOCIETY OF THE NEW JERUSALEM, INCORPORATED (SWEDENBORGIAN) and BOSTONVIEW CORPORATION,<br>　　　Defendants. | CIVIL ACTION<br>NO. 04-10419-WGY |

**EDWARD MACKENZIE AND THOMAS KENNEDY'S
REPLY TO PLAINTIFF'S OPPOSITION TO THEIR
RENEWED MOTION TO DISMISS THE COMPLAINT**

**INTRODUCTION**

Defendants Edward MacKenzie ("MacKenzie") and Thomas Kennedy ("Kennedy") submit this brief reply to Plaintiff's opposition to their renewed motion to dismiss. By virtue of the Consent Judgment, which imposes numerous restrictions on the Church's financial operations and requires the appointment of an Interim Chief Financial Officer, the Attorney General has assured that the Church's assets and financial operations will be carefully monitored and protected. As a result, Plaintiff's RICO claims, which are premised on the threat of future financial misconduct, are without basis. Moreover, to the extent that Plaintiff's RICO claims are based on alleged past

misconduct, Plaintiff fails to state a viable RICO claim as the alleged past predicate acts were aimed, by Plaintiff's own admission, at gaining control of the assets of a single organization (the Church).  See, e.g., Efron v. Embassy Suites, Inc., 223 F.3d 12 (1st Cir. 2000)(single scheme to obtain control of an organization and its assets does not satisfy the "pattern" requirement of RICO).  The alleged past predicate acts, by Plaintiff's own admission, also lasted only 11 months, which the First Circuit has held is too short a period to meet the RICO "pattern" requirement.  See id.  Accordingly, the Court should dismiss the Complaint in its entirety because Plaintiff has not pled any actionable federal claim.  See Camelio v. American Federation, 137 F.3d 666 (1st Cir. 1998).

## ARGUMENT

**1.    The Attorney General's Oversight Ensures That The Church's Assets Will Be Properly Managed And, Therefore, Plaintiff's RICO Claims Based On Threat of Future Financial Impropriety Are Not Actionable.**

In his Opposition, Plaintiff tries to dismiss the significance of the Attorney General's actions, but there is no way to diminish what the Attorney General has done. The Attorney General spent more than seven months investigating the Church's operations and all of its finances since January 1, 2002.  At the end of that investigation, the Attorney General and the Church entered into a Consent Judgment, endorsed by the Massachusetts Superior Court (Ball, J.).  Pursuant to the Consent Judgment, the Attorney General, with the assistance of an Interim Chief Financial Officer, has assumed ongoing oversight of the Church's financial operations.  The Attorney General's oversight assures that the Church's finances will be properly managed and, therefore, Plaintiff's RICO claims based on the threat of future financial impropriety are without basis.

2

Contrary to the Plaintiff's assertion, the Interim Chief Financial Officer will give the Attorney General real traction in overseeing the Church's financial affairs. Among other requirements, the Interim Chief Financial Officer must monitor and control the Church's finances and accounting; ensure that all expenditures are appropriate and consistent with the Church's mission; and provide regular written reports to the Attorney General, which must include any "concerns" that exist concerning the Church's financial operations. The Interim Chief Financial Officer is also required to review employee compensation and, with the Compensation Committee, make sure that it is reasonable. Plaintiff has offered no plausible reason that the Interim Chief Financial Officer, working with the Attorney General, will not be an effective watchdog.

Plaintiff's suggestion that someone with "ties" to Messrs. MacKenzie and Kennedy may be hired as Interim Chief Financial Officer and may facilitate financial misconduct at the Church is far-fetched. First, though the Interim Chief Financial Officer is hired by the Church, this individual must first be approved by the Attorney General. It is highly unlikely that the Attorney General would permit anyone with a conflict of interest to fill this important position. It is also unlikely that this individual would assist any financial misconduct at the Church given the mission of the Interim Chief Financial Officer, the Attorney General's ongoing scrutiny of the Church and the stiff penalties that would be imposed for such wrongdoing.

Plaintiff argues that some alleged wrongdoing, such as alleged "kick-backs" (for which Plaintiff provides absolutely no evidence), "may not be apparent" to the Interim Chief Financial Officer, but Plaintiff's argument lacks any basis and amounts purely to wild speculation. Notably, the candidates currently being considered by the Attorney

General for this position have strong credentials, and should be more than capable of fulfilling the Attorney General's mandate.

Because the Attorney General's intervention and oversight reasonably ensures that the Church's finances will be properly managed in the future, Plaintiff cannot establish any reasonable basis for his claim that alleged misappropriation of Church assets will occur in the future. Accordingly, Plaintiff cannot establish an open-ended "pattern" of racketeering activities. Thus, to the extent Plaintiff's RICO claims are premised on the threat of alleged future financial improprieties, the claims must be dismissed.

>2. **Plaintiff's RICO Claims Based On An Alleged Past Scheme To Gain Control Of A Single Organization -- The Church -- Over An Eleven Month Period Is Not Actionable**.

Plaintiff has only alleged past racketeering over the course of an eleven month period aimed at gaining control of a single organization -- the Church. As discussed at pages 5-7 of Defendants' renewed motion to dismiss, Plaintiff's allegations do not meet the RICO "pattern" requirement because a single scheme to gain control of an organization is not actionable, nor is alleged criminal activity that lasts only eleven months. See, e.g., Efron v. Embassy Suites, Inc., 223 F.3d 12 (1st Cir. 2000). Accordingly, plaintiff's RICO claims that are based on alleged past racketeering acts should be dismissed.

>3. **The Church's Financial Transactions Since 2002 Were Reviewed By The Attorney General And Corrective Actions Have Been Taken To The Attorney General's Satisfaction**.

4

Plaintiff tries to distract the Court from the many defects in his RICO claims[1] by listing alleged past wrongful payments to or at the behest of Mr. MacKenzie. Plaintiff's allegations of alleged wrongful payments do not constitute -- nor are they alleged to be -- predicate acts of racketeering and, therefore, do not provide a basis for Plaintiff's RICO claims. See 18 U.S.C. §1961.

Moreover, the allegations are grossly misleading and incorrect. After initiating its investigation, the Attorney General carefully reviewed the Church's past financial operations since 2002 and, after corrective actions were made either at the request of the Attorney General or on the Church's own initiative, the Attorney General concluded that any past alleged irregularities had been properly resolved and, accordingly, prepared and executed the Consent Judgment.

The corrective actions that the Attorney General deemed appropriate were extremely limited. The Attorney General requested that title to four automobiles (used for Church purposes) be transferred to the Church, which the Church has done. In addition, the Attorney General requested that Messrs. MacKenzie and Kennedy repay, respectively, $26,874 and $5,150 to the Church for payments they received for Church-related work and relief. For purposes of compromise only and expressly denying any wrongdoing, Messrs. MacKenzie and Kennedy executed promissory notes to the Church agreeing to repay these amounts.

---

[1] To avoid needless repetition of argument, Defendants refer the Court to their original motion to dismiss and their original reply memorandum, which are incorporated herein by reference, for a discussion of the other defects in Plaintiffs' RICO claims.

On its own initiative, the Church transferred three retirement annuities to the Church. None of these annuities were owned by or for the benefit of Messrs. MacKenzie and Kennedy.

These corrective actions, which have already been taken, were communicated to the Attorney General verbally in advance of the Consent Judgment and in a letter dated June 16, 2004.[2] The Attorney General accepted these corrective actions in full settlement of its legal action against the Church, which alleged that "on occasion, excessive compensation payments and/or other benefits" were paid to certain Church members. (Complaint, ¶7) In settling its legal action, the Attorney General concluded that its concern about "excessive" payments to certain Church members had been resolved and deemed that the Church's past financial affairs were now in order.

Even if Plaintiff believes that there are outstanding financial matters still to be addressed, Plaintiff has appropriate avenues in which to address such concerns, which do not include this Court. The Attorney General has reserved the right to take further action if the Attorney General later becomes aware of any improper use of Church assets. (Consent Judgment, ¶10)

The Attorney General, therefore, is already providing and will continue to provide appropriate and effective assurances that the Church's financial affairs are being properly managed consistent with its charitable mission.

---

[2] Because the letter and the documents referenced in the letter are confidential, and since the Court has ordered that confidential documents should not be filed, Defendants will not electronically file or deliver to the Clerk's Office a copy of the June 16 letter. Instead, Defendants will deliver a copy of the June 16 letter directly to chambers under separate cover.

6

## CONCLUSION

For these reasons, the Court should allow Defendants' Renewed Motion to Dismiss and should dismiss the Complaint in its entirety.

> Respectfully submitted,
> Defendants
> EDWARD MACKENZIE and
> THOMAS KENNEDY,
>
> By their attorneys,
>
> /s/ Nicholas B. Carter
> Howard M. Cooper (BBO #543842)
> Nicholas B. Carter (BBO #561147)
> Todd & Weld LLP
> 28 State Street, 31st Floor
> Boston, MA  02109
> (617) 720-2626

Dated: June 21, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served by hand on counsel for Plaintiffs, Christopher Trombetta, Esq., Holland & Knight, LLP, 10 St. James Avenue 11th Floor, Boston, MA 02116, and by hand on counsel for Defendants Boston Society of the New Jerusalem, Inc. and Bostonview Corporation, Richard McCarthy, Esq., Edwards & Angell LLP, 101 Federal Street, Boston, MA 02110, this 21st day of June 2004.

> /s/ Nicholas B. Carter
> Nicholas B. Carter, Esq.