UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GENERAL CONVENTION OF THE ) <br> NEW JERUSALEM IN THE UNITED ) <br> STATES OF AMERICA, INC., ) <br> MASSACHUSETTS ASSOCIATION OF ) <br> THE NEW JERUSALEM ) <br> (SWEDENBORGIAN), and GEORGE ) <br> CHAPIN, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> EDWARD MACKENZIE, THOMAS ) <br> KENNEDY, BOSTON SOCIETY OF ) <br> THE NEW JERUSALEM, INC. ) <br> (SWEDENBORGIAN), and ) <br> BOSTONVIEW CORPORATION, ) <br> ) <br> Defendants. ) | CIVIL ACTION <br> No. 04-10419-WGY |

ORDER

YOUNG, C.J.                                                July 20, 2004

I.   **INTRODUCTION**

The General Convention of the New Jerusalem in the United States of America, Inc., the Massachusetts Association of the New Jerusalem (Swedenborgian), and George Chapin (collectively, the "Plaintiffs"), bring this action alleging that individual defendants Edward MacKenzie and Thomas Kennedy wrongfully assumed control of the Boston Society of the New Jerusalem, Inc. (Swedenborgian) (the "Boston Church") and the Bostonview

Corporation (collectively with the individual defendants, the "Defendants") and exploited their charitable assets for personal gain. On March 22, 2004, the Defendants moved to dismiss, challenging, <u>inter alia</u>, the adequacy of the Plaintiffs' claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968. [Doc. Nos. 2, 3]. The Court denied the motions on April 28, 2004 without prejudice to their renewal. A parallel action brought against the Boston Church by the Massachusetts Attorney General has since been resolved by entry of a consent judgment. <u>See</u> <u>Commonwealth</u> v. <u>Boston Society of the New Jerusalem, Inc.</u>, Civ. A. No. 04-2597 (Ma. Super. Ct. June 16, 2004).[1] The Defendants accordingly renew their motions to dismiss. [Doc. Nos. 29, 30].

## II. DISCUSSION

To state a claim under 18 U.S.C. § 1962, plaintiffs must at a minimum allege related predicate acts that "amount to or pose a threat of continued criminal activity." <u>H.J. Inc.</u> v. <u>Northwestern Bell Tel. Co.</u>, 492 U.S. 229, 239 (1989). Here, the Plaintiffs allege predicate acts spanning a "relatively modest" period of fourteen months. <u>Efron</u> v. <u>Embassy Suites (P.R.), Inc.</u>, 223 F.3d 12, 19 (1st Cir. 2000); <u>accord</u> <u>Divot Golf Corp.</u> v.

---

[1] Although the consent judgment arises "outside the pleading," Fed. R. Civ. P. 12(b), the Court considers it here as a public record "susceptible to judicial notice." <u>See</u> <u>In re Colonial Mortgage Bankers Corp.</u>, 324 F.3d 12, 15-16 (1st Cir. 2003).

Citizens Bank, No. 02-CV-10654, 2002 WL 31741472, at *5 (D. Mass. Nov. 26, 2002) (Saris, J.) ("[C]ourts, including the First Circuit, have taken a jaundiced view of alleged patterns lasting less than two years."). Further, in light of the consent judgment entered by the Superior Court -- which provides for continued oversight by the Massachusetts Attorney General -- the Court need not credit bald assertions that the Defendants nevertheless pose a threat of repeated mismanagement. Cf. Frew ex rel. Frew v. Hawkins, 124 S. Ct. 899, 906 (2004) ("As public servants, the officials of the State must be presumed to have a high degree of competence in deciding how best to discharge their governmental responsibilities."). The Plaintiffs' allegations of continuity thus fall short, and their RICO claims must be dismissed.

Where, as here, the plaintiff's only federal claims are dismissed before trial, "the balance of competing factors ordinarily will weigh strongly in favor of declining jurisdiction over state law claims." Camelio v. American Fed., 137 F.3d 666, 672 (1st Cir. 1998). Here, the balance of factors is further tilted both by the continuing involvement of the Massachusetts Attorney General and by the states' traditional concern with the proper administration of charitable trusts. See Synanon Found., Inc. v. California, 444 U.S. 1307, 1307 (1979). The Court

therefore declines to exercise jurisdiction over the Plaintiffs' supplemental claims.  28 U.S.C. § 1367(c).

## III. CONCLUSION

For the foregoing reasons, the Defendants' Renewed Motions to Dismiss [Doc. Nos. 29, 30] are ALLOWED with prejudice as to the Plaintiffs' RICO claims.  The Plaintiffs may pursue their supplementary state law claims in the Massachusetts Superior Court sitting in and for the County of Suffolk, to which court these claims are remanded.

SO ORDERED.

_____
WILLIAM G. YOUNG
CHIEF JUDGE